## BUCKLEY *vs.* LEONARD.

Where the owner of a dog which had bitten other persons, had notice of the fact, and afterwards suffered him to be at large, when he bit the plaintiff; *held* that it was no answer to the action for the injury to the plaintiff that the dog was generally inoffensive.

ERROR to the Columbia common pleas. Buckley sued Leonard before a justice and declared for that the defendant kept a certain dog which he knew was used and accustomed to attack and bite mankind, and that on the 10th of August, 1845, the dog attacked and bit the plaintiff, by means of which he became lame, &c. The general issue was pleaded, with notice that the defendant, when bitten, was trespassing upon the plaintiff's premises.

On the trial, which was by jury, the plaintiff proved that while he was passing through a yard used in common by the defendant and by a family which occupied an adjoining house as tenants of the defendant, with a view to call at such adjoining house, the dog bit him, and that on account of it he became somewhat lame, and was prevented from laboring for a few days, as a spinner in a factory, which was his employment. The plaintiff also proved that about a year before, the dog had bitten another person, and there was some evidence that the dog had also bitten a boy. On both the former occasions the defendant had been informed of the injuries; and it was shown that for the most part he had kept the dog chained up in the day time, and in his store nights.

The defendant offered to prove that the dog was of a quiet and peaceable disposition. The plaintiff objected to the evidence, but the justice admitted it, and several witnesses testified that they were acquainted with the animal and considered him inoffensive. The jury found a verdict for the defendant, upon which the justice rendered judgment, which was affirmed by the common pleas on *certiorari*.

*Bulkley & Vanderpoel,* for the plaintiff in error.

*C. P. Schermerhorn,* for the defendant in error.

*By the Court,* JEWETT, J.   It is a well settled principle of
the common law that the owner of a domestic animal is answer-
able for any injury committed by it, to the person or property
of another, if he had notice that the animal was accustomed to
such or similar mischief.  (*Auchmuty* v. *Ham,* 1 *Denio,* 495;
*Loomis* v. *Terry,* 17 *Wend.* 496; *Smith* v. *Pelah,* 2 *Strange,*
1264.)   In the last mentioned case, Lee, C. J., ruled "that if a
dog has once bit a man, and the owner having notice thereof,
keeps the dog, and lets him go about or lie at his door, an ac-
tion will lie against him at the suit of a person who is bit,
though it happened by such person's treading on the dog's
toes; for it was owing to his not hanging the dog on the first
notice.   And the safety of the king's subjects ought not after-
wards to be endangered."   To sustain this action it is not ne-
cessary to go to the extent of that case; for there it might well
enough have been argued that the dog bit the person in repel-
ling an aggression, and not from a mischievous propensity.   In
this case, however, the evidence, as I understand it, is full to
show that this dog was accustomed to do similar mischief; and
aside from the di ect proof that the defendant had notice of it,
the fact that he ' isually, in the day time kept him confined, and
in the night kept him in his store, is strong evidence that he
was fully aware that the safety of his neighbors would be en-
dangered by allowing him to be at large.

The evidence given by the defendant of the mild character
and deportment of the dog, I think was improperly admitted.
It was immaterial.   If the evidence proved that the dog bit the
plaintiff, that the defendant was the owner, and knew or had
notice that the dog had been accustomed to bite others, he was
responsible for the injury, however high the character of the
dog for mildness stood among the neighbors.   Such evidence
was well calculated to divert the jury from a proper considera-
tion of the real point in issue.   There was no conflicting evi-

dence upon any position which the plaintiff was bound to maintain, nor was there any question as to the credibility of the witnesses. It was not, therefore, one of the class of cases where the verdict of a jury precludes a court of review from examining the facts. The evidence of the injury to the plaintiff, of the dog having previously bitten others, and that the defendant had notice of it, stands uncontradicted; and these facts were abundantly sufficient to require the jury to find for the plaintiff. I think this is a case where the verdict and judgment are entirely unsupported by the evidence. (*See Baldwin* v. *Delevan*, 2 *Hill*, 125.) The judgments must be reversed.

Judgments reversed.