THOMAS CALDWELL, Appellant, *v.* MARCELLUS SNOOK, Respondent.

*Evidence — opinions of witnesses as to the peaceable disposition of a dog by whom the plaintiff has been bitten.*

Where, in an action to recover damages sustained by the plaintiff by being bitten by a dog belonging to the defendant, the facts that the plaintiff was bitten, and that the defendant knew that the dog had previously bitten another person, have been established, witnesses called by the defendant cannot be allowed to testify that when they had seen the dog they had seen nothing malicious in his conduct nor any attempt made by him to bite any one.

Appeal by the plaintiff from a judgment in favor of the defendant, entered in Onondaga county, upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*C. H. Sedgwick*, for the appellant.

*Goodelle & Nottingham*, for the respondent.

Hardin, P. J. :

Plaintiff sought to recover damages for injuries received from a dog owned and kept by the defendant on the 14th of September, 1880, when visiting the house of the defendant to buy some pears. The particulars attending the injuries were detailed in the evidence, and according to the evidence nothing occurred at the time plaintiff was injured which would prevent his recovery. (*Muller* v. *McKesson*, 73 N. Y., 195.)

Plaintiff called as a witness Clara Erwin, who testified that some two years before the plaintiff's injuries she was bitten by the defendant's dog, and was laid up some two weeks with the injuries she received upon her hand from defendant's dog; she was at work for the defendant when the dog "grabbed hold" of her hand; that she went and told defendant of it that same day. Thus the plaintiff made out a case entitling him to recover such damages as he had sustained. (*Buckley* v. *Leonard*, 4 Denio, 500, and cases cited; *Muller* v. *McKesson*, *supra*.)

To meet the case thus made out by the plaintiff, the defendant took the stand as a witness, and called several other witnesses, and gave evidence tending to show the quiet, peaceable and harmless habits and character of the dog. Among the witnesses was one Fagin, who lived a quarter of a mile from the defendant, and who had occasionally observed the dog and his conduct. Against the plaintiff's objection that the testimony was not competent or material, he was allowed to testify "there was nothing malicious in his conduct, so far as I saw. * * * He never undertook to bite anybody or do anything wrong." When Ballsby was testifying he said he had known the dog "seven or eight years." He was then asked, "Have you observed the dog's actions on these occasions you have been there?" Plaintiff objected to the question as immaterial and the objection was overruled and plaintiff excepted. Witness answered he had observed the dog on those occasions, and added, "he has always been friendly enough to me."

We think that it was error to receive the evidence quoted, and other of the same character, and allowing it to be considered as defending the acts of the dog in question. (*Buckley* v. *Leonard*, *supra*.) By such evidence the plaintiff may have been prejudiced indeed; probably that had a controlling effect with the jury, as they may have thought that if they found the dog had a good character for peaceable conduct that the defendant was not liable though he received notice of his having bitten Miss Erwin, as she testified. We think there should be a new trial.

Judgment and order reversed and a new trial ordered, with costs to abide the event.

BOARDMAN, J., concurred.

FOLLETT, J. :

I concur in the result, though I think the opinion states the rule rather strongly in respect to the non-admissibility of evidence showing the peaceable disposition and conduct of the dog. The rule is undoubtedly correct as applicable to the facts of this case. But if a question of fact had arisen as to whether the dog had bitten the plaintiff, or others, or whether the defendant had notice of the ferocious disposition of the dog, then I think evidence of the peaceable disposition and conduct of the dog would have been admissible. Thus limited, I concur.

Judgment and order reversed, and a new trial ordered, with costs to abide the event.