## JOHN H. KEENAN v. THE GUTTA PERCHA AND RUBBER MANUFACTURING COMPANY.

*Liability of one who keeps a vicious dog with knowledge of its vicious disposition — one who keeps such a dog, although he does not own it, is liable to a person injured by it.*

While the plaintiff, who was in the employment of the defendant corporation, was preparing food on the defendant's premises for a slut with a brood of pups, she seized one of his legs and bit it, and when she was beaten off with a water bucket by another boy she seized the other leg of the plaintiff and bit that also. Upon the trial of this action, brought by him to recover damages for the injuries thereby sustained, proof was given showing that the slut had bitten another boy eight or ten months previous to this time, and that that fact was known to the foreman of the defendant.

*Held*, that a judgment, entered upon a verdict in favor of the plaintiff, should be sustained.

That proof of the fact that the dog had bit another boy, and that the defendant's foreman had notice of this fact, was properly received.

That the question of the actual ownership of the dog was not material in this action, as the basis of the action was the wrongful keeping of the dog with knowledge of its vicious disposition.

Appeal from a judgment in favor of the plaintiff, entered in Kings county upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Pelton & Poucher*, for the appellant.

*J. Stewart Ross*, for the respondent.

Dykman, J.:

This is an action for the recovery of damages resulting from the bite of a dog kept upon the premises of the defendant. The cause was tried at the circuit before a jury and a verdict was rendered for the plaintiff. The defendant has appealed from the judgment and from the order denying a new trial on the minutes of the trial court. The dog that inflicted the injury was a slut with a brood of pups, and while the plaintiff, who was in the employment of the defendant, was preparing food for her and her family of pups, she seized one of his legs and bit it, and when she was beaten off with a water bucket by another boy she seized the other leg of the plaintiff and bit that also. She had bitten another boy eight or ten months previous to this time, and that fact was known to the foreman of the defendant, yet the dog was harbored. These facts had appeared in evidence with more circumstantiality when the case was rested for the plaintiff upon the trial, and justified the denial of the motion of the defendant to dismiss the plaintiff's complaint. The motion to dismiss was based upon the absence of proof to show vice in the dog, or to connect the defendant with her as owner or keeper, or to show notice of any vicious propensities of the animal, and notice that she had bitten another person. was claimed to be insufficient to charge the defendant with such notice.

The positions so assumed for the defendant, upon the motion for a dismissal of the complaint, are entirely at war with the principles of law which control this and similar actions. The liability for injuries inflicted by animals depends upon their propensity to do

mischief. If, therefore, a person keeps a mischievous animal with knowledge of its propensities, he must keep it secure at his peril. If the animal be of a savage disposition, the owner is chargeable with knowledge, and proof of the fact is equivalent to proof of express notice. (*Earl* v. *Van Alstine*, 8 Barb., 634; *Muller* v. *McKesson*, 73 N. Y., 199.) And this rule is wise and salutary. To what proof of savage ferocity is an owner entitled, beyond notice of an attack upon a human being. Such attacks are incited only by vicious propensities and are open manifestations of the possession of a savage disposition, and no dog can with safety be permitted to live after such an exhibition of its inclination, and the person who thereafter harbors such an animal with knowledge of its past conduct manifests a reckless disregard for the safety of his fellow beings and should be held responsible for all subsequent injuries inflicted by the animal.

This doctrine has abundant support in authority as well as principle. In the old English case of *Smith* v. *Pelah* (2 Strange, 1264) it was said by the court: "If a dog has once bit a man, and the owner having notice thereof keeps the dog, and lets him go about or lie at his door, an action will lie against him at the suit of a person who is bit, though it happened by such persons treading on the dog's toes; for it was owing to his not hanging the dog on the first notice. And the safety of the king's subjects ought not afterwards to be endangered." This language was quoted with approbation in the case of *Buckley* v. *Leonard* (4 Denio, 500); and it was there decided by the old Supreme Court in this State that evidence of the good character and disposition of the dog was inadmissible, after proof of the injury and knowledge of the owner that the dog had bitten other persons.

A similar doctrine is enumerated by the old Supreme Court of our State in the case of *Loomis* v. *Terry* (17 Wend., 496), where the case of *Smith* v. *Pelah* (*supra*), was also referred to, and it was said: "Hanging is put only by way of example, but in some way such an animal must be properly secured from doing mischief." In the same opinion it is said of such an animal as we have in this case: "The dog comes to be an idle nuisance" * * * "any person might have killed such a fierce dog kept loose, his vicious disposition being known to the man who kept him."

The proof that the dog was harbored by the defendant is uncontradicted and beyond doubt. She was upon, the premises of the defendant with a litter of pups at the time of the laceration, and the plaintiff, who was in the employ of the defendant, was feeding her or preparing her food, and the bookkeeper of the defendant furnished money to buy food for the animal twice a day.

The question of actual ownership is quite immaterial. Whoever keeps such an animal is liable for the mischief it perpetrates. The basis of the action is the wrongful keeping of the dog with knowledge of its vicious disposition. (Addison on Torts, 261.) Notice to the foreman of the defendant was notice to the corporation, and the contention to the contrary is hardly entitled to serious consideration. Corporations can be charged with negligence in no way other than by showing some carelessness or omission of its agents. The wrong or negligence in this case consisted in keeping the animal after she bit the first boy, and that was with the knowledge of the foreman and the bookkeeper, that is, the bookkeeper knew the dog was kept on the premises of the defendant. This examination disposes of all the questions raised for the defense; some of them were presented in other forms by requests to charge, but they were all properly disposed of, and no errors against the defendant were committed during the trial.

The Court of Appeals in our State in the two cases of *Muller* v. *McKesson* (73 N. Y., 195) and *Lynch* v. *McNally* (Id., 347), has placed the law upon a sound and humane basis by deciding that one who keeps a vicious dog, with knowledge of its propensities, is liable for injuries caused by it; and that negligence, in the ordinary sense of the word, is not an element of the cause of action, nor is contributory negligence a defense. In the interests of humanity the useless, vicious dogs should be extirpated, and liability for all mischief they may perpetrate is a penalty none too severe for the person who keeps them alive with knowledge of their propensities.

The judgment and order denying a new trial should be affirmed, with costs.

BARNARD, P. J., concurred: PRATT, J., concurred in the result.

Judgment and order denying new trial affirmed, with costs.