EDWARD KENNETT v. WASHINGTON A. ENGLE.

*Vicious dog—Action for injuries—Evidence—Expert testimony.*

1. Where, in an action brought to recover for injuries received from the bite of a dog, the facts concur of previous manifestations of malicious disposition by the dog, and knowledge or notice of this fact in the keeper, the general peaceable disposition of the animal from thence on becomes immaterial.

2. A witness testified to having visited the defendant's store on one occasion, and that the dog, without provocation, set upon witness, and chased him about the store, until the defendant spoke to the dog and quieted him. And it is held that it was competent for the defendant, for the purpose of showing that this attack of the dog was playful, and not vicious, to show that boys were accustomed to come into the store and play with the dog.

3. After testifying that he was not present when the boys were playing with the dog, the witness was asked on cross-examination if he did not know, as a matter of fact, that some of the boys used to go in and play with the dog, and get him to chase them. And it is held that the proposed testimony was hearsay, and properly excluded.

4. The material question in the case was whether or not the skin on plaintiff's leg was broken by the bite of the dog. As bearing upon this, a medical witness testified in behalf of the defendant that there was a scar on plaintiff's leg; that he saw it immediately after plaintiff was bitten; that the scar

was not attributable to the bite of the dog, and that he
thought it resulted from an ulcer. Plaintiff's counsel then
exhibited a scar on his leg, and asked the witness to state
what he thought caused it. The witness answered that he
could not tell; that he could not say there had been an ulcer
or running sore; that the scar might have been caused by one
of a great many things; that it looked as if there was sup-
puration there; that he could not say whether the bone was
injured, but it was not seriously injured. On rebuttal plain-
tiff's counsel was permitted to testify, against objection, that
the scar was caused by a wound he received from an ax
when a boy; that a piece of bone was taken out; that there
was never any running sore or discharge. And it is held
that the testimony related to a collateral fact, and its admis-
sion was error.

Error to Van Buren. (Buck, J.) Argued May 1, 1895.
Decided July 2, 1895.

Case. Defendant brings error. Reversed. The facts
are stated in the opinion.

*Boudeman & Adams,* for appellant.

*Titus & McNeil (Frank E. Knappen,* of counsel), for
plaintiff.

MONTGOMERY, J. The plaintiff recovered a judgment
for injuries arising from the bite of a dog. The evidence
tended to show that the defendant was the keeper of the
dog; that he was a physician and druggist at Hartford;
that the plaintiff went upon defendant's premises to con-
sult him as a physician; that he was bitten by the dog;
and that, as a result of the injury, he was prevented from
following his business as a laborer for a considerable
length of time. The judgment recovered was for $200.
Defendant brings error.

We shall pass over many of the assignments of error,
for the reason that, in our judgment, they fall within
established rules. We shall notice those which we think
present questions which call for discussion.

The defendant offered to show upon the cross-exami-

nation of the plaintiff's witnesses, and by affirmative testimony, the character of the dog in question, as having a kind and peaceable disposition; and perhaps the most important question in the case is whether this testimony was admissible. It is undoubtedly the law—and the charge of the court so laid it down—that, in addition to the facts of the injury to the plaintiff from the bite of the dog, it was incumbent upon the plaintiff to prove that the dog had on previous occasions manifested a vicious disposition, indicating a disposition to bite mankind, and that the defendant had knowledge or notice of the fact. It is contended by the defendant that there was not sufficient testimony to establish these two propositions, but, without setting it out at length in this opinion, we think there was such testimony to go to the jury. Where these facts are shown, it seems, on authority, that it is immaterial what the general character of the animal is. If he has manifested a disposition to bite mankind, the law casts the burden upon the owner or keeper to take measures to see to it that the animal is so restrained that he cannot do an injury to another. Some of the cases have gone great length in this direction. In *Smith v. Pelah*, 2 Strange, 1264, it was said:

"If a dog has once bit a man, and the owner, having notice thereof, keeps the dog, and lets him go about or lie at his door, an action will lie against him at the suit of a person who is bit, though it happened by such person's treading on the dog's toes; for it was owing to his not hanging the dog on the first notice. And the safety of the king's subjects ought not afterwards to be endangered."

This is an extreme case, and perhaps should not be followed, and was not followed by the circuit judge in the present case, for he charged the jury, in effect, that, if the injury resulted from any fault of the plaintiff, he could not recover. But in two well-considered cases it has been determined that where the facts concur of previous manifestations of malicious disposition by the

dog, and knowledge of this fact in the keeper, the general peaceable disposition of the dog from thence on becomes immaterial. See *Buckley v. Leonard*, 4 Denio, 500, and *Mann v. Weiand*, 81½ Penn. St. 243.

It is contended that, where the evidence is in dispute as to whether the facts of notice and previous manifestation of disposition exist, such testimony is admissible as bearing upon the probability of the main facts. We would say the better statement would be that, where the acts sought to be shown are such as to characterize the acts proven by the plaintiff, they are admissible. To illustrate, there was evidence given in the present case by a young man, Roy Andrews, that he visited the store of the defendant on one occasion, and that the dog, without provocation, set upon him, and chased him about the store, until the defendant spoke to him and quieted him. For the purpose of showing that this attack of the dog was playful, and not vicious, defendant called witnesses to show that boys were accustomed to come into the store and play with the dog. This testimony, we think, was competent, and the circuit judge received it for that purpose.

Complaint is made that defendant was not permitted to show this by the cross-examination of Andrews. He testified that he had not been in the store while the boys were playing with the dog. He was then asked:

'Did you know, as a matter of fact, that some of the boys used to go in and play with the dog, and get him to chase them?"

We think there was no error in the exclusion of this testimony, for the reason that whatever information the young man may have had upon the subject must clearly have been hearsay, as it already appeared that he was not present on any of the occasions when the boys were engaged in play with the dog.

Plaintiff had called as a witness one Daniel Poole, who had testified that on one occasion, shortly before the

injury to plaintiff, he had gone into the yard of defendant in the evening, and that the dog had attacked him. It was sought to show by this witness generally that the dog was of a gentle disposition, and that he had seen him playing with children. At the time this testimony was given, the testimony of the witness Andrews was not before the jury; and the fact that the dog had played with children did not tend to throw light upon the nature of the attack which the dog had made upon the witness Poole. The testimony was, therefore, within the rule of the cases cited, and properly excluded.

The defendant called as a witness one Dr. Lawrence, who testified that he had examined the leg of plaintiff after he was bitten by the dog, and that he discovered indications that there had been an ulcer on the leg before, and that he was able to determine this by the scar. Plaintiff's counsel then exhibited to witness a scar on his leg, and asked him to state what he thought caused that. The doctor replied:

"I could not tell what caused it. One thing is certain,—the bone was not involved there. It must have been the result of a bruise or some kind of a flesh wound. I could not say that there had been an ulcer or a running sore. It might have been caused by one of a great many things. It looks as if there was suppuration there. Could not say whether the bone was injured, but it was not seriously injured."

On rebuttal, plaintiff's counsel took the stand, and, against the objection of defendant, testified:

"This scar I showed this morning to the jury, which the doctor said looked like an ulcer, had been one discharging pus, is a wound I received by an ax when I was a boy, and took a piece of the bone out. There never was any discharge or any running sore, but it kept me about three months laid up, so I could not walk."

We think it was error to admit this testimony. It related to a collateral fact. It is a general rule that it is not competent to offer testimony with a view of discrediting a witness by calling other witnesses to dispute

him as to collateral facts. Best, Ev. (International ed.) 603, and cases cited. And, while it is sometimes true that facts not otherwise relevant are deemed to be relevant if they support or are inconsistent with the opinions of experts when such opinions are deemed to be relevant (see 7 Amer. & Eng. Enc. Law, p. 80), yet, in the present case, it is to be borne in mind that the doctor did not undertake to speak with certainty as to the nature of the injury to counsel's leg, or that the scar upon his leg corresponded with that upon the leg of plaintiff, or was due to a like cause. Under these circumstances, we think the issue was clearly a collateral one. The material question was whether the skin was broken on the plaintiff's leg by the bite of the dog. As bearing upon this, the doctor testified that there was a scar on the plaintiff's leg, and that he saw it immediately after he was bitten, that was not attributable to the bite of the dog; that he thought this was a scar resulting from an ulcer. If he had stated that the scar upon the leg of counsel resulted from the same cause, there would be more room for saying that the testimony given by the counsel tended to contradict his statements; but he did not so state, and the testimony, therefore, was not admissible.

We regret the necessity for reversing the case on this ground, as it appears that the circuit judge carefully guarded the rights of the defendant, and it is at least doubtful whether the testimony was of a nature which worked any injury to the defendant, and yet we are not prepared to say that it did not. The effort, evidently, was to make it appear to the jury that the doctor, whose testimony appears to be candid, was confounded by the testimony of a layman, and that by testimony which had no business in the case. On the whole, we do not feel that we can overlook the error, but we feel constrained to say that it was wholly unnecessary for the defendant to present a record of the volume which was presented in this case in order to raise this question. The fact that an error of this kind has crept into a trial ought

not to be made the means of inflicting punishment upon the party, and we shall limit the taxation of costs for the brief and record to 30 pages.

Judgment reversed.

McGRATH, C. J., LONG and GRANT, JJ., concurred. HOOKER, J., did not sit.