BAUER v. LYONS.

(Supreme Court, Appellate Division, Second Department.   December 31, 1897.)

VICIOUS DOGS—EVIDENCE—NOTICE.
    In an action to recover damages for injuries inflicted by dogs owned by defendant, and which, without apparent cause, attacked and bit the plaintiff, evidence tending to prove that the same dogs had, a short time before, attacked and bitten another person, and that the defendant had been advised thereof, is sufficient to require the submission to the jury of the question whether defendant was chargeable with such notice of the vicious disposition of the dogs as to render him liable to the plaintiff for suffering them to run at large.

Appeal from trial term, Kings county.
Action by John Bauer against James Lyons.  From a judgment of dismissal, and from an order denying a new trial, plaintiff appeals.  Reversed.
Argued before GOODRICH, P. J., and CULLEN, BRADLEY, BARTLETT, and HATCH, JJ.

Richard A. Rendich. for appellant.

Baldwin F. Strauss and Joseph T. Griffin, for respondent.

BRADLEY, J. The plaintiff, having been bitten by the defendant's dogs, sought by this action to recover for the injuries resulting to him from that cause. The plaintiff was in the service of the defendant, in whose house he resided; and, as he was proceeding on his way from the house to the place where he was to work, seven or eight dogs belonging to the defendant came from their kennel, and attacked the plaintiff, threw him down, and bit him in such manner as to do him considerable injury. These were St. Bernard dogs, about 16 months old, and by some of the witnesses are called puppies. No cause appears for the attack made by them upon the plaintiff other than that attributable to their vicious propensity. But the fact that this attack on the plaintiff was made by the dogs was not alone sufficient to charge the defendant with liability. For that purpose it was essential that he had, or was chargeable with, notice that the dogs were vicious. In support of the charge of scienter, evidence was given tending to prove that these dogs had, about two weeks prior to the time of this occurrence, attacked and bitten another person, and that the defendant had been advised of it. This was sufficient to require the submission of the question to the jury whether the defendant was chargeable with such notice of the vicious disposition of the dogs as to render him liable to the plaintiff for suffering them to run at large. Buckley v. Leonard, 4 Denio, 500; Caldwell v. Snook, 35 Hun, 73; Brice v. Bauer, 108 N. Y. 428, 15 N. E. 695. The view of the trial court was that the dogs which made the attack upon the plaintiff were not identified as those by which the other person had been bitten. A witness testified that they were the same dogs; that he saw them when they were engaged in the attack upon the plaintiff; that his attention was called to the occasion when the other person was bitten; and that, while he did not see the dogs in the act of biting him, he did then see the dogs in front of him, near the place where he was bitten; that they were the same ones that made the attack on the plaintiff; and that no other dogs were there at the time. His evidence also was to the effect that he was at work for the defendant at the time of these occurrences, and knew these dogs. The evidence was sufficient to present for the consideration of the jury the question of fact whether the dogs were the same in both instances, and, consequently, whether the defendant was or was not chargeable with liability for the injury to the plaintiff.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.