WILLET *v.* GOETZ.

1. ANIMALS—VICIOUSNESS—INJURY BY DOG—EVIDENCE.
   Where, in an action for injuries caused by a dog, the testimony
   to show the dog's vicious disposition is confined to specific
   instances, evidence tending to show the general ·peaceable
   disposition of the dog is inadmissible in rebuttal, even though
   defendant denies all knowledge of such instances.

2. SAME—HEARSAY—HARMLESS ERROR.
   Where there was no dispute but that it was defendant's dog
   that caused an injury sued for, it was harmless error to allow
   plaintiff to state that another told her the dog belonged to·
   defendant.

3. SAME—IRRELEVANT QUESTION—STRIKING ANSWER.
   Where counsel for the plaintiff in an action for injuries caused
   by defendant's dog asked plaintiff if defendant came near her
   at the time of the accident, and on objection the question
   and answer were stricken from the record by consent, there
   was no error.

4. SAME—ERROR CURED BY CHARGE.
   Where, in an action for injuries caused by an alleged attack
   by defendant's dog upon a horse driven by plaintiff, the court
   excluded evidence of the horse's reputation for skittishness
   and fear of dogs under one form of question, but admitted it
   under another, and charged that if plaintiff, at the time of
   the accident, was driving an unsafe horse in the habit of
   being unduly frightened at dogs going about in an ordinary
   manner, and such habit of the horse was the proximate cause
   of the injury, then the plaintiff could not recover, the charge
   cured any error there might have been in the ruling.

Error to Shiawassee; Smith, J.  Submitted December
4, 1900.  Decided January 29, 1901.

Case by Ida E. Willet against Fred Goetz for personal
injuries.  From a judgment for plaintiff, defendant
brings error.  Affirmed.

*H. H. Pulver* and *Watson & Chapman,* for appellant.

*Selden S. Miner* (*Norton & Dooling,* of counsel), for appellee.

Long, J.   Plaintiff, a married woman, resided in the township of Sciota, Shiawassee county, about 4½ miles north of Laingsburg.   On September 2, 1897, she and her mother-in-law went with a horse and buggy to said village.   The plaintiff was driving.   She was accustomed to driving horses, and had had considerable experience in the management of them.   As the parties were returning from the village, and were within 40 or 50 rods of defendant's house, and nearly opposite from where defendant was at work with his team, the defendant's dog jumped over into the road, and with a bark jumped at the horse's head.   The horse whirled around to escape the dog, and threw the plaintiff and her mother-in-law out upon the ground, rendering the plaintiff unconscious, breaking two ribs, and otherwise severely injuring her.   On the trial, plaintiff had verdict and judgment.

It appears from the testimony that this same dog had run out at the plaintiff three times before.   There was considerable testimony given by the plaintiff tending to show that the defendant had had actual notice of the disposition of his dog to attack horses going on the highway, and also that this dog belonged to the defendant.   There was no testimony offered by the plaintiff to show the general character and disposition of the dog to attack teams upon the highway.   All the testimony was confined to the specific acts and conduct of the dog upon the various occasions mentioned.   This was denied by the defendant, who was sworn in his own behalf; and he denied also that he had any knowledge that his dog had actually jumped at teams on the highway.   He gave some evidence tending to show that the dog was tied up that day.   He attempted to show by one of his witnesses that the actions of the dog as claimed by plaintiff were contrary to his habits and disposition.   The court sustained the objection

to this evidence. This is assigned as error. We think the court was not in error in sustaining the objection. In *Kennett* v. *Engle*, 105 Mich. 693 (63 N. W. 1009), the question was presented, fully discussed, and determined against the contention of defendant's counsel here. It was said:

"In two well-considered cases it has been determined that, where the facts concur of previous manifestations of malicious disposition by the dog, and knowledge of this fact in the keeper, the general peaceable disposition of the dog from thence on becomes immaterial;" citing *Buckley* v. *Leonard*, 4 Denio, 500, and *Mann* v. *Weiand*, *81 Pa. St. 243.

Some question is raised upon the charge of the court. We think the charge as a whole correctly stated the law. It was a full and fair statement of the case to the jury, and we find no error in it.

It is assigned as error that the plaintiff was allowed to state that Mrs. Parchen told her that it was defendant's dog. Defendant's counsel moved to strike this testimony out. It appears from the record that this testimony was drawn out by defendant's counsel when he was inquiring of plaintiff about the knowledge she had as to what dog it was that jumped at her horse. While the testimony was hearsay, we see no prejudicial error in letting it stand. The plaintiff said she knew it was defendant's dog, and had known him for six years. In fact, there was no dispute but that it was defendant's dog that caused the injury on that day.

Error is also assigned upon the conduct of counsel for the plaintiff in asking her whether, at the time of the accident, the defendant came near her. When this question was asked and answered, the same was stricken out by consent of counsel for plaintiff. While the question might not have been a proper one, we think there was no error committed.

Counsel for defendant state in their brief that the court erred in not permitting Mr. Scott to answer the questions

covered by the thirteenth, fourteenth, fifteenth, and sixteenth assignments of error. It is claimed that these questions all relate to the habits and disposition of plaintiff's horse. The question asked of witness in this connection was: "What was the reputation of the horse at that time, in the spring or summer of 1897, as to being skittish and afraid of objects, and especially of dogs?" This was objected to on the ground that nothing had been shown that the witness knew the horse had such reputation, and the objection was sustained. The question was then repeated in another form, and the witness answered: "The horse was skittish. She was particularly afraid of a dog. That was one of the warnings I got when I got her." Plaintiff's counsel asked that this answer be stricken out, and the court remarked, "The warning part may be stricken out." The objection was subsequently withdrawn, and the answer allowed to stand. The court, in its charge to the jury, instructed them that, if they found the plaintiff, at the time of the accident, was driving an unsafe horse, one that was in the habit of being unduly frightened at objects, and at dogs particularly, when they were going about in an ordinary manner, and that such habit and disposition of the horse was the proximate cause of the injury, then plaintiff could not recover. If the ruling of the court on the question had been erroneous (a question which we need not determine), certainly the error was cured by the charge of the court.

We find no error in the record. The judgment must be affirmed.

The other Justices concurred.