# CASES

# APPELLATE COURTS OF ILLINOIS.

## SECOND DISTRICT—OCTOBER TERM, 1900.

### George H. Johnson v. Lillie E. Eckberg.

1. PERSONAL INJURIES—*By Vicious Animals—Knowledge of the Owner.*—In an action for injuries sustained from the bite of a vicious dog, it is competent for the plaintiff to show by a former owner, that the dog was addicted to vicious acts, although such vicious acts did not come to the defendant's knowledge, there being other evidence that he knew the dog was vicious.

2. SAME—*Evidence of the Dog's Vicious Propensities.*—In an action to recover damages for injuries inflicted by a vicious dog, it is sufficient to show that the owner of the dog had knowledge that it had previously shown a disposition to bite or attack others.

3. NOTICE—*What is Sufficient to put the Owner of a Dog upon, as to its Vicious Propensities.*—The fact that a dog to the knowledge of its owner has made vicious attacks upon persons. although without actually biting them, is sufficient to put him upon notice of its vicious propensities.

4. REMITTITUR—*Where Not to be Taken as an Admission that the Verdict is Excessive.*—Where a remittitur is required by the trial court upon the condition that otherwise a new trial would be awarded, the entering of it can not be considered as having been voluntarily made.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Henry County; the Hon. HIRAM BIGELOW, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed April 11, 1901.

N. F. ANDERSON, attorney for appellant.

FRED H. HAND and GRAVES & BROWN, attorneys for appellee.

Mr. Justice Crabtree delivered the opinion of the court.

Appellee, an infant, by her father as next friend, brought this action against appellant, to recover damages for injury sustained by her in consequence of being bitten by a dog owned by appellant. The declaration charged in the first count that the defendant owned, harbored and kept a dog having a vicious and ferocious disposition, accustomed to bite mankind as the defendant then knew, which dog attacked the plaintiff while she was in the exercise of ordinary care for her own safety and inflicted the injuries complained of, whereby she was permanently scarred and disfigured and her nerves permanently weakened. The second, third and fourth counts were similar in substance except that the second count alleges that the defendant was the keeper of the dog, the third that the defendant harbored the dog, and the fourth that the defendant was the owner of the dog. To this declaration the defendant pleaded not guilty. On the first trial of the cause the plaintiff recovered a verdict for $2,000, which was set aside and a new trial granted. On the second trial, the plaintiff had a verdict for $2,250, from which the court required her to remit $750, which was done, whereupon a motion for new trial was overruled and judgment rendered in favor of appellee for $1,500, to reverse which this appeal is prosecuted.

It appears from the evidence that on October 4, 1898, appellee, then about six years old, went to school something like one mile distant from her home. Being the first scholar to arrive she sat down upon the school house steps. While thus sitting there, the dog in question, which had followed two sons of appellant to the school house, ran up to appellee, knocked her over and bit her very severely on the upper lip and in the roof of her mouth. There can be no question the child was very badly injured and frightened; that she has not wholly recovered from nervousness caused thereby; that the laceration of her lip was extremely severe and of such a character as to permanently disfigure her. It is a disputed question whether or not the

appellant knew, or had notice, of the alleged vicious pro-
pensity or disposition of the dog. That point has been
passed upon by two juries, and each having returned a ver-
dict in favor of appellee upon the issues submitted to them,
they must have determined the question of knowledge or
notice against appellant because it was a necessary and
essential part of their verdict. Upon a careful consideration
of the evidence, we can not say that it was insufficient to
warrant the finding of the jury in that regard.

It is complained by appellant that the court improperly
admitted evidence, against his objection, of prior attacks of
the dog upon other persons, without showing that appel-
lant had notice or was informed of these particular attacks.
To sustain the allegations of the declaration, it was neces-
sary for the plaintiff to prove the vicious nature of the dog,
and we think the evidence complained of competent for
that purpose. If the appellant's knowledge of the vicious
character of the dog were otherwise proven, we think it
could make no difference that proof was admitted of other
attacks concerning which he had no knowledge. This
question was before the Supreme Court of Vermont in
Plummer v. Ricker, 71 Vt. 114; and the court there said:

"It was incumbent upon the plaintiff to show that the
dog was vicious, and for this purpose the testimony of
Homer Varnum, a former owner of the dog, was properly
received, notwithstanding the vicious acts testified to did
not come to the defendant's knowledge. It was sufficient
to show by other evidence that the defendant knew that
the dog was vicious."

Appellant offered to prove upon the trial by a number
of witnesses the peaceable character of the dog, but this
proof the court refused to admit. In this we think there
was no error. If admitted, such proof would not tend to
rebut or answer plaintiff's evidence as to the vicious char-
acter of the dog as shown by specific acts. This point is
expressly ruled upon in Buckley v. Leonard, 4 Denio, 500.
Indeed, appellant, in his brief, practically admits that this
evidence was not competent, but claims it was no more
incompetent than certain other admitted testimony. We

think there was no serious error in the action of the court upon the introduction of expert testimony. Upon an examination of all the instructions given, modified and refused, we find no reversible error in the action of the court thereon. In modifying the defendant's fourteenth instruction, the court used the words, " the vicious propensities of the dog," in such a manner as might be thought to assume that in the opinion of the court such vicious propensities were proven. But in other instructions, the court had so plainly and fully informed the jury that it was incumbent on the plaintiff to prove those vicious propensities that we think the jury could not have been misled. The defendant's fifteenth instruction was too broad, and was properly refused. It is not the law that the defendant must have been notified of an unjustifiable biting of some person before defendant could have notice he had a propensity to bite mankind. If the dog, to the knowledge of appellant, had made vicious attacks upon persons without actually biting them, that would have been sufficient to put him upon notice of a vicious propensity of the dog. The defendant's sixteenth instruction refused, is open to a similar objection, and clearly invaded the province of the jury. The seventeenth was objectionable for the same reasons and substantially amounts to an argument to the jury upon a particular piece of testimony, which was clearly improper.

It is insisted that the damages awarded are excessive and that the fact appellee remitted $750 from the verdict, is an admission of that fact on her part. We do not concur in this view. The remittitur was not voluntary on the part of appellee, but appears to have been required by the court upon the condition that otherwise a new trial would be awarded. This is not uncommon practice in this State.

Under these circumstances appellant might well have thought best to take a judgment for $1,500, rather than incur the expense and trouble of a new trial. The question of damages in cases of this character is one peculiarly for the jury, and unless it can be seen that their finding on that point is the result of passion or prejudice, or is so

clearly excessive as to be unreasonable, the verdict will rarely be disturbed upon that ground, although the reviewing court might have been better satisfied had the damage been assessed at a smaller sum. Seeing no sufficient reason for reversing the judgment, it will be affirmed.