(64 App. Div. 27.)

### WOODWARD v. LOOMIS et al.

(Supreme Court, Appellate Division, Fourth Department.   July 23, 1901.)

ANIMALS—PERSONAL INJURIES—VICIOUSNESS—EVIDENCE.

> Where, in an action for injuries by a horse, the issue is whether the horse was vicious and defendant knew of it, evidence as to the horse's disposition during several months after the injury is incompetent.
>
> Williams, J., dissenting.

Appeal from trial term, Erie county.

Action by Lyman B. Woodward against Alvin I. Loomis and others. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

Albert G. Thorne and Wallace Thayer, for appellant.

Adolph Rebadow, for respondents.

RUMSEY, J. The action is brought to recover damages which the plaintiff suffered by the kick of a horse belonging to the defendants, which he was engaged in driving for them. The serious question litigated was whether the horse was vicious, and whether the defendants knew it. There was considerable testimony on each side. The defendants had a verdict. After the horse had kicked the plaintiff, he was sold by the defendants to one Myers, who, having been sworn as a witness, testified that he had owned him for some months. He was then asked what kind of disposition the horse had, which was objected to as incompetent, irrelevant, immaterial, and as calling for a description of the horse long after the accident. The evidence was received over the objection thus taken by the plaintiff, and the witness answered that he was a good-dispositioned horse, in his judgment, and that he never saw him kick at anything unless he was playing around. This evidence was clearly incompetent. Buckley v. Leonard, 4 Denio, 500; Kissam v. Jones, 56 Hun, 432, 10 N. Y. Supp. 94. We are not able to say that the evidence did no harm, because it was addressed to the precise question at issue, and which was strongly contested upon the trial.

For this error, the judgment and order should be reversed, with costs to the appellant to abide the result of the action. All concur, except WILLIAMS, J., who dissents.

WILLIAMS, J. (dissenting).  The judgment and order appealed from should be affirmed, with costs.  The action was brought to recover damages for injuries resulting from the kick of a horse. The plaintiff alleged that the horse was vicious and dangerous prior to the time of the injuries to him, and defendants knew it, but never warned plaintiff of such viciousness and liability to kick a person who was handling him.  The defendants denied these allegations, and alleged that plaintiff was warned and knew of the vicious character of the horse, and assumed the risk of handling him.  The charge of the court is not contained in the record, and we do not know, therefore, precisely what questions were submitted to the jury.  There seems to have been evidence sufficient to authorize a finding that the horse was vicious and did kick people before he kicked the plaintiff and inflicted the injuries here complained of.  Indeed, the jury must have been satisfied of this element in the plaintiff's cause of action.  This being so, it was the duty of the defendants to warn the plaintiff of such vicious tendencies of the horse, and then, if he saw fit still to use him, the risk would have been an assumed one.  The claim made is that the defendants neglected to perform this duty, and that the injuries received were a result of such negligence.  If, however, the plaintiff knew of the vicious tendencies of the horse, then he assumed the risk, whether the defendants warned him or not.  If he knew it, then the neglect of duty by the defendants to warn him would not have caused the injuries.  The jury must have based their verdict upon a finding adversely to the plaintiff upon this question of fact.  The plaintiff entered defendants' employ the last of June, and worked until he received his injuries, September 18th,—nearly three months.  He used this horse, and drove him on a truck with another horse, during all that time almost daily.  He had handled and driven horses all his life, and for two years and a half before commencing work for defendants had been driving trucks all the time.  He testified that, during all the three months that he used this horse before he was injured, he never discovered the viciousness of this horse, and knew nothing about it; that he had never heard of the many occasions when the horse had kicked at and kicked other people. If the jury believed the horse to be of such vicious tendencies as plaintiff, by his witnesses, proved on the trial, they might well refuse to credit plaintiff's evidence that he never discovered it during all the time he was using the horse before he was injured; and they might, on the contrary, infer from the facts proved in plaintiff's behalf on the trial that he had knowledge of the vicious character of the horse, and then have rendered their verdict upon the theory that he assumed the risk of using the horse.  The evidence as to the character of the horse given in behalf of the defendants, even considering it as improper, could not well have operated to the prejudice of the plaintiff.  We must assume that the court gave the proper instructions to the jury, viz. that the question of the viciousness of the horse was to be determined by considering what the horse had done before the plaintiff was injured; and inasmuch as he, concededly, had kicked at and kicked several persons, the

jury must have found him vicious, within the rule applicable to these cases. Therefore the receipt of this evidence should not be held, in any event, to constitute reversible error. The judgment and order appealed from should be affirmed, with costs.