(46 Misc. Rep. 120)

BOGODONOW v. NEW YORK LUMBER & STORAGE CO.

(Supreme Court, Appellate Term.   December 23, 1904.)

1. ANIMALS—VICIOUS DOGS—INJURY TO THIRD PERSONS—SCIENTER.

Evidence of a witness, who visited defendant's premises a month or two before plaintiff was bitten by defendant's dog, that one of the defendant's officers said to him, "Look out for the dog, or it will bite you," was insufficient proof of defendant's knowledge that the dog was vicious to entitle plaintiff to recover for such injury.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Max Bogodonow against the New York Lumber & Storage Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

W. H. James, for appellant.

Jacob W. Block, for respondent.

MacLEAN, J.   This judgment is to be reversed for lack of evidence to sustain the recovery had for being bitten by a dog kept upon the defendant's premises, part of which, at least, the plaintiff entered by invitation.   His own testimony, which is contradictory, seems to show that he wandered whither he was not bidden, out of the sight of his conductor, and so trespassingly came within reach of the dog, which was tied.   However he received his injury, he was bound to establish a case within the law well settled long ago in England, as it was in the Mosaic code, that the owner of a domestic animal is only liable if he knew that the animal is accustomed to do mischief (Jenkins v. Turner, 1 Lord Raymond, 110; R. v. Huggins, 2 Lord Raymond, 1583), or, as more lately phrased, to charge the defendant with liability, it was essential that he had or was chargeable with notice that the dog was vicious (Bauer v. Lyons, 23 App. Div. 205, 48 N. Y. Supp. 729). The plaintiff would make this out in two ways:   (1) He adduces sundry judicial observations as to inferences possible from the dog's being tied.   Sententious as be some of these judicial notices, they are all dicta as to the facts.   Even the most cited of them was in a case, as pointed out by Landon, J. (O'Connell v. Jarvis, 13 App. Div. 4, 43 N. Y. Supp. 129), where the record showed that the defendant did know the dog to be vicious.   Such judicial notices avail nothing if made upon peculiar personal knowledge.  Wheeler v. Webster, 1 E. D. Smith, 4.   Evidence of the facts assumed certainly lacks the requisite notoriety.   Brown v. Piper, 91 U. S. 43, 23 L. Ed. 200.   In none of them was regard had for this city's ordinances, nor for the pervasive dog catcher and the alert purveyors for the revenues of the Society for the Prevention of Cruelty to Animals.   (2) There came one who testified that, visiting the premises a month or two before the plaintiff's visit, he saw a dog, hardly identified with the offending one—two were kept—and that of it the same officer said, "Look out for the dog, or it will bite you."

This was denied explicitly, but, assuming that the officer said so, such a scare-cat warning would not prove the requisite scienter. Something to that effect is often posted nowadays over harmless brutes in stables and outhouses, and anciently was lettered in the floor of many a Pompeian vestibulum. It may be as old as Æsop's hapless cry of the wolf, for, more than two centuries before the current era, Theocritus' fair Praxinoe—the presumably fair Praxinoe—when fain to warn her child from the way she would not have him go, cried, "There's a horse that bites." In default of evidence to sustain the judgment, it should be reversed.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.

GILDERSLEEVE, J., concurs.

FREEDMAN, P. J. (concurring). The judgment in favor of the plaintiff should be reversed, and a new trial ordered, with costs to the appellant to abide the event, for the reason that the evidence wholly fails to support the charge of scienter. See Bauer v. Lyons, 23 App. Div. 204, 48 N. Y. Supp. 729.