## John Domm, Appellee, v. George Hollenbeck, Appellant.

### Gen. No. 5,396.

1. PLEADING—*withdrawal of plea.* A motion for leave to withdraw the general issue, and to demur to the declaration, is tardily made four years after issues are joined.

2. ANIMALS—*duty to restrain.* Where the owner of a domestic animal knows that it is ferocious and liable to attack and bite mankind, it is his duty to restrain the animal, without waiting till it had actually attacked some one.

3. ANIMALS—*knowledge of ferocious character.* A finding that the owner of a dog knew he was ferocious and liable to bite mankind, is supported by evidence which tends to show that the owner had made remarks admitting the dog to be ferocious, that the dog was kept chained, and that he would bark and jump at people who passed the shop where he was chained at night.

4. APPEALS AND ERRORS—*when exclusion of evidence harmless.* In an action for damages from being bitten by a dog, the exclusion of testimony offered by the owner as to what the dog's disposition had been in a different locality, if wrongful, is harmless error, where the owner's uncontradicted testimony covered all points offered to be proven by said witnesses.

5. WITNESSES—*withdrawal of attorney after testifying.* Where counsel testifies, his failure to withdraw from the case does not affect his competency to testify, but only his credibility.

Action in case for personal injuries. Appeal from the Circuit Court of La Salle county; the Hon. R. M. SKINNER, Judge, pre-

siding.   Heard in this court at the October term, 1910.   Affirmed.
Opinion filed October 15, 1912.

James J. Conway and C. H. Thompson, for appellant.

Lee O'Neil Browne, for appellee.

Mr. Presiding Justice Dibell delivered the opinion
of the court.

Appellee was bitten by a dog owned by appellant,
and sued to recover damages therefor.   The pleadings
and the substance of the evidence for appellee are
briefly stated in Domm v. Hollenbeck, 142 Ill. App. 439.
Thereafter the cause was tried again and appellee had
a verdict and a judgment for $750 from which defend-
ant below appeals.

On the day of the last trial the court denied a motion
by appellant for leave to withdraw the general issue
and to demur to the declaration.   Appellant contends
that the court erred in denying that motion.   The suit
was begun March 30, 1906.   Issues were joined June
11, 1906.   The remanding order of this court was filed
in the court below October 23, 1908.   This motion for
leave to demur to the declaration was made March 28,
1910.   This was a very late date to begin to test the
declaration.   The motion and its denial and an excep-
tion thereto are not contained in the bill of exceptions,
and the ruling could not otherwise be questioned.   The
showing for and against the motion is not contained
in the bill of exceptions.   We have, however, examined
the question which appellant says he desired to pre-
sent.   He argues that the second and third counts do
not state a cause of action, and that, as they describe
and count upon wounds upon appellee's right hand and
left forearm while the first count only relates to a bite
upon one of appellee's legs, therefore much evidence
was introduced as to the injuries which was not admis-
sible under the first count and the damages were thereby
enlarged.   The second and third counts do not charge

that the dog had ever bitten mankind. The second count charges that the dog was of a ferocious, fierce and malicious disposition and was at any and all times liable by reason of said disposition to attack and bite mankind, and that during all the time that appellant owned him appellant knew, or by ordinary care and prudence ought to have known, the disposition of the dog and his liability to attack and bite mankind. The third count charges that appellant negligently and wantonly kept the dog while he well knew that the dog was of a vicious, fierce, ferocious and malicious disposition and liable at any time to attack and bite mankind. The question is, must appellant have known that the dog had actually bitten some one before it became his duty to restrain the dog, or in other words, is every dog entitled to one bite? In Johnson v. Eckberg, 94 Ill. App. 634, we held that it was not the law that defendant must have been notified of an unjustifiable biting of some person before he could have notice that the dog had a propensity to bite mankind; but, that, if the defendant knew that the dog had made vicious attacks upon persons without biting them, that was sufficient to put him on notice of a vicious propensity of the dog. In Fritsche v. Clemow, 109 Ill. App. 355, we held that it was sufficient if it was shown that the owner of the dog previously had notice of his mischievous propensities. In Hammond v. Melton, 42 Ill. App. 186, we held that, if the animal was disposed to attack mankind and the keeper had notice of that propensity, public safety demanded that he keep the animal secured. In Flansburg v. Basin, 3 Ill. App. 531, we held that, if the owner has reasonable grounds to suppose that there is a probability that his dog may bite mankind, he must restrain him. It was held in Kolb v. Klages, 27 Ill. App. 531, that it was not necessary to show that the dog had bitten any other person, but it was sufficient if the evidence showed that the keeper knew that the dog had shown a disposition to bite or attack others. In Knowles v. Mulder, 74 Mich. 202, the

ground of liability was put upon the propensity of the animal to do mischief. In Robinson v. Marino, 3 Wash. 434, it was held that, though the evidence did not show that the owner knew that the dog had ever attacked or bitten any person, yet if he knew that the disposition of the dog was such as to make it highly probable that it would bite some one if allowed at large, the owner is liable to one whom the dog thereafter bites. We therefore hold that, if the owner of a domestic animal knows that it is ferocious and liable to attack and bite mankind, it is his duty to restrain the animal without waiting till it has made an actual attack upon and has bitten a human being. Therefore the second and third counts stated a good cause of action, and a demurrer interposed to them in proper time could not have been sustained.

Appellant lived in the village of Dwight and had owned this dog about six weeks when he brought him to Seneca a few days before the attack upon appellee. The dog wore a combination harness and collar. The harness passed around the legs and chest of the dog and there was a ring in the collar. When appellant reached Seneca with the dog he caused him to be tied up in the barn of a friend, by a chain which appellant brought to Seneca for that use. Afterwards he took the dog to the butcher shop of another friend and there tied him by said chain to the leg of a heavy table. There was proof, contradicted by appellant, that appellant told witnesses that he tied the dog up in Seneca so that he could not get out and hurt or bite anybody, and that he told another witness afterwards, and after the dog was dead, that he was glad of it for he was afraid of the dog himself, and testimony by another witness that, as he passed the butcher shop before it was opened, the dog barked and growled and jumped at him and he feared that he would get through the window; and testimony by another witness that the dog showed his teeth at him and frightened him in the presence of appellant, and that the witness immediately left, say-

ing to appellant as he went that that dog would bite somebody yet, though he was not sure that appellant heard. In C. & A. R. R. Co. v. Kuckkuck, 98 Ill. App. 252, we held that the scienter could be established by attendant circumstances without the necessity in all cases of proving prior cases of injury, and cited Jones v. Perry, 2 Esp. 482, as holding that where the owner keeps his dog tied and does not permit him to run at large, it must be presumed that the dog is vicious, unruly and not safe to be permitted to go abroad. In Godeau v. Blood, 52 Vt. 52, it was held that the savage nature of the dog and the fact that his keeper kept him chained and muzzled was strong evidence that he was, and was known to be, vicious, and that the safety of the public required his restraint. In Buckley v. Leonard, 4 Denio 500, it was held that the fact that the owner usually kept his dog confined in the daytime and kept him in his store at night was strong evidence that he knew that the safety of his neighbors would be endangered by allowing the dog to be at large. The questions whether appellant's dog was ferocious and liable to attack and bite mankind and whether appellant knew that before the attack upon appellee were matters of fact, upon which the evidence is such that we would not be justified in disturbing the verdict of the jury, approved by the trial judge.

Appellant contends that appellee kicked or pushed the dog before the dog bit him and that therefore appellee and not appellant is responsible. The apparent preponderance of the evidence is that appellee did not first kick or push the dog, and the instructions of the court upon that subject were such that the verdict determines this question for appellee.

Appellant sought to prove by several witnesses the character of the dog when he was kept in Dwight and that little children played with him without harm and that those witnesses did not know of his ever attacking a person. The court refused to admit this testimony. In Johnson v. Eckberg, *supra,* we held that the court

properly refused to admit proof offered by the owner
of the peaceable character of the dog, and based that
ruling upon Buckley v. Leonard *supra*. What is there
said needs to be considered in connection with the facts
before the court. We have examined the record in
Johnson v. Eckberg and find that plaintiff had pro-
duced proof of seven distinct and prior attacks upon
mankind by the dog, and had proved that defend-
ant saw one of them and that a member of his family
saw another of them and reported it to other members
of the family, and it was apparent that defendant knew
that his dog had attacked and bitten mankind and was
liable to do so. In Buckley v. Leonard it was clear that
the dog had been accustomed to bite others before he
bit the plaintiff, and that the owner knew this. Those
cases therefore really hold only that, where the owner
knows that his dog is accustomed or liable to attack
and bite mankind, it is no defense to a suit for an
attack by his dog upon some person to prove that to
many other persons he had been mild and harmless; and
those cases, when examined in connection with the facts,
do not hold that the prior history of the dog may never
at any time be competent evidence. In this case there
was no proof that the dog had ever before bitten man-
kind; and appellant denied the statements attributed to
him by the witnesses tending to show that he knew or
was afraid that the dog would bite some one. Appellant
contends that in this state of the proof, the court erred
in sustaining objections to questions put to witnesses
whom he brought from Dwight to show that the reputa-
tion of the dog was peaceable in that county, and that
those witnesses did not know of his attacking or biting
any one. Without determining whether the court might
properly have admitted that testimony, we conclude
that appellant was not harmed by the course pursued.
Appellant was permitted to testify fully as to his knowl-
edge of the dog, both before and after he bought him.
Appellant testified that this was a nice, quiet, sensible,
good natured dog; that anybody could do anything in

the world with him; that he never offered to attack anybody in any shape or manner, so far as appellant knew; that he appeared to be a well bred dog; that he had never been used for fighting purposes and never had a fight and had no marks to show that he ever was in a fight; that during the time he had known the dog, the latter had never shown any tendency or disposition to be cross towards man or beast; that till he went to Seneca appellant had never seen or heard of the dog doing anything in the way of attacking or biting a human being or an animal; that in Dwight he made inquiries in regard to the disposition of the dog and never learned from any one that the dog had a ferocious disposition or had a tendency or was liable to attack or bite mankind; that he knew of his own knowledge that this dog was not accustomed to attack and bite mankind and did not have a ferocious or vicious disposition; that while he kept the dog his family consisted of himself and wife and a little girl and that it was not necessary to use any precautions to prevent his attacking or hurting the little girl; that he tied up the dog at Seneca for fear some one would steal him or he would try to run away because it was a strange town to him, and not because he was afraid he was liable to attack or bite anybody. Appellee offered no proof to contradict this account of the previous life and conduct of the dog. The case against appellant was made to rest entirely upon what occurred and appeared at Seneca, and what appellant had afterwards said. The instructions required that the scienter must be established or appellant would not be liable. As this testimony by appellant as to the history of the dog before he reached Seneca covered all that appellant sought to prove by the witnesses he brought from Dwight, and as it was entirely uncontradicted, we conclude that appellant was not harmed by the exclusion of the testimony referred to.

The conduct of counsel for appellee in testifying for him without withdrawing from the case subjects them

to criticism, as laid down in Nix v. Thackaberry, 240 Ill. 352, and in cases there cited, but yet the rule stated in Glanz v. Ziabek, 233 Ill. 22, that the failure of the attorney to withdraw from the case affects his credibility only and not his competency is still in force in this state, and appellee was entitled to have their testimony admitted and to the benefit of whatever credence the jury gave it. We find no reversible error in the record and the judgment is therefore affirmed.

*Affirmed.*