REYNOLDS *v.* HUSSEY.

In an action for injury to the plaintiff by the defendant's horse striking him with its fore feet, evidence that the animal had the vicious propensity to injure mankind by kicking with its hind feet, of which propensity the defendant had knowledge, may be received.

CASE, for injury to the plaintiff caused by the defendant's horse by striking him with the forward feet while standing harnessed into a stage-wagon, and left unattended at the railway station at Alton Corner. The declaration alleged the vicious character of the animal, and knowledge by the defendant.

To show the horse's vicious disposition, and its inclination to injure mankind, evidence of numerous instances of its squealing and kicking at people, in the harness, in the stage-wagon, in the barn, and in the stall,—in fact, that it was a notorious kicker,—was admitted, subject to exception by the defendant. The defendant did not deny his knowledge of the vicious character of the horse with respect to kicking, but did deny his knowledge of its rearing and striking with the forward feet.

The defendant requested the court to charge the jury that he was not liable unless he had at some time previous to the accident known or heard that the horse had struck with the forward feet in a manner substantially similar to that in which the jury found that the plaintiff was struck, which the court gave with this modification,—that if on the evidence they find that the horse had a vicious disposition, and was inclined to injure mankind, so that the defendant, as a reasonable man, knew that it would be disposed to commit acts similar to the one sued for, it would be such knowledge on his part as might make him liable for the injury done the plaintiff; to which the defendant excepted.

*T. J. Whipple* and *Jewell & Stone*, for the plaintiff.

*E. A. Hibbard* and *E. H. Shannon*, for the defendant.

BLODGETT, J. The owner of domestic animals not being liable, except by statute, for injuries committed by them, unless he is shown to have knowledge of their tendency to commit such injuries, the evidence excepted to as to the propensity of the defendant's horse to injure mankind, and to his knowledge, was so obviously legitimate, that, unaided by brief or argument, we find no ground for its exclusion.

The exception to the charge stands no better. It is not necessary that the vicious acts of a domestic animal brought to the notice of the owner should be precisely similar to that upon which the action against him is founded. If it were, there would be no

actionable redress for the first injury of a particular kind committed by such an animal, because its owner would necessarily be exempt from all liability until it should commit another injury of exactly the same kind.   It is enough to say that the law sanctions no such absurdity.

Neither is it necessary, in order to fasten a liability upon the owner, that he have notice of a previous injury to others.   *Rider* v. *White*, 65 N. Y. 54; *Godeau* v. *Blood*, 52 Vt. 251; *Worth* v. *Gilling*. L. R. 2 C. P. 1; *Judge* v. *Cox*, 1 Stark. 285: Cooley Torts 344.   It is the propensity to commit the mischief that constitutes the danger *(M' Caskill* v. *Elliot*, 5 Strob. 196), and therefore it is sufficient if the owner has seen or heard enough to convince a man of ordinary prudence of the animal's inclination to commit the class of injuries complained of.   *Keightlinger* v. *Egan*, 65 Ill. 235; *Buckley* v. *Leonard*, 4 Denio 500; *Applebee* v. *Percy*, L. R. 9 C. P. 647; Abb. Trial Ev. 645; Shearm. & Red. Neg. (3d ed.), s. 190.  "The question in each case is, whether the notice was sufficient to put the owner on his guard, and to require him, as an ordinarily prudent man, to anticipate the injury which has actually occurred."  Cooley Torts 344.   Hence it is unnecessary to prove more than that he has good cause for supposing that the animal may so conduct.   *Kittredge* v. *Elliott*, 16 N. H. 82.   And a good cause for so supposing in the present case was the defendant's knowledge that the animal was of vicious disposition and "a notorious kicker;" and the jury might well conclude from these undisputed facts alone that the defendant had sufficient knowledge of its vicious nature and propensity to make him liable for its subsequent attack on the plaintiff in consequence of that nature and propensity.   For when it is made to appear that any domestic animal is vicious and inclined to do hurt, and the owner has notice, express or implied, of the fact, the law then imposes upon him the duty to keep the animal secure, and makes him liable to any person who, without contributory negligence on his part, is injured by it.   And this rule is so entirely reasonable, and is so strictly in accordance with the legal and moral duty obligatory upon everybody so to keep and use his own property as not to wrong and injure others, that authorities need not be cited in its support.

The instruction requested was not correct.   As modified by the court, it was sufficiently favorable to the defendant.

*Exceptions overruled.*

BINGHAM, J., did not sit: the others concurred.