## Philip Kolb and Adam Kolb
### v.
## Albert Klages and Louis Klages.

*Dogs—Injuries Inflicted by—Action for Damages—Evidence—Instructions—Remittitur.*

1.  In an action to recover damages for injuries alleged to have been inflicted by a vicious dog, it is not necessary to a recovery to show that the defendant knew that the dog had bitten some other person. It is sufficient to show that he had knowledge that it had shown a disposition to bite or attack others.

2.  In the case presented it is *held:* That evidence tending to show what made the dog savage, though improperly admitted, could not have injured the defendant; that there is no error in the instructions, nor in requiring a *remittitur.*

[Opinion filed December 18, 1888.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Mr. Elbridge Hanecy, for appellant.

Messrs. Cameron & Hughes, for appellees.

Moran, J.  This action was brought to recover for injuries

alleged to have been inflicted on appellee, a minor, by a vicious dog kept by appellants.

Another action was brought by Louis Klages, the father of appellee, to recover for the care, nursing and expenses for medical attendance made necessary for him to expend in curing his said son of the injuries received from said vicious dog. Both cases were, by agreement of the parties, submitted to the same jury, with the instructions that a verdict should be rendered in each case, which was done, the verdict in favor of appellee being for $800, and that in favor of Louis Klages for $100. Judgment was entered by the court on the verdict in favor of appellee, but a *remittitur* of $25 from the verdict of $100 was required to be entered, and on that being done, judgment was also entered on that verdict as so reduced.

Appellants have brought both the cases to this court, and they have been submitted and considered together as they involve the same questions.

Appellants insist that it was not proved that they knew the dog was vicious; that it is not shown that he bit any other person. It is not absolutely necessary to a recovery that the evidence shall show that the owner of the dog knew that the dog actually had bitten some other person, in order to make him liable. It is sufficient if the evidence shows that the keeper knew the dog had shown a disposition to bite or attack others. Evidence was before the jury which warranted the inference by them that the dog was of a savage and ferocious disposition, and the appellants knew that fact. Flangsburg v. Basin, 3 Ill. App. 531; McCaskill v. Elliott, 5 Strobhart, 196.

Counsel for appellants contends that errors were made by the court in admitting and rejecting evidence. We have examined the record with reference to such alleged error, and we are of opinion that there is no material error shown. One of the objections is that the court allowed it to be shown that the dog was kept tied in the barn close to a pile of raw hides, and that a witness was allowed to state as his opinion that such proximity to the hides would have a tendency to make the dog savage.

It is not material what it was that tended to make the dog

savage, and therefore the opinion should not have been admitted; but as there was evidence of the actions of the dog evincing his disposition, which was proper, material and sufficient, we can not treat the improper admission of the said opinion as reversible error.

General complaint is made by appellants of the instructions given for the plaintiff, but counsel has not specified in the brief the points in which said instructions are erroneous, and the refusal and modifications of defendants' instructions by the court is treated by the counsel in his brief in the same manner. We have carefully examined the action of the court with reference to instructions, and we have found no error in that respect.

It is well settled practice in this State to enter judgment in cases sounding in damages, after requiring the plaintiff to remit from the verdict rendered by the jury, and while such *remittitur* will not always be regarded by the reviewing court as removing all vice from the verdict, yet it will, as a rule, sanctify it. Thomas v. Fisher, 71 Ill. 576; McCausland v. Wonderly, 56 Ill. 410.

No error by the trial court has been made to appear on this appeal, and the judgment must therefore be affirmed in both cases.

*Judgment affirmed.*