ROSWELL KNOWLES v. WILLIAM MULDER.

*Negligence—Vicious dog—Notice to owner—Contributory negligence*

1. When it appears that a domestic animal is vicious, and has a propensity to do mischief, of which facts the owner or keeper has notice, either express or implied, the law imposes the duty upon such owner or keeper of keeping such animal secure, from which duty a liability arises in favor of any person who without fault on his part is injured by such animal, either in person or property.[1]

2. If a person has a dog in his possession for a considerable length of time, which has during all that time been in the habit of rushing into the highway in front of the owner's residence, and barking at, chasing, worrying, or attacking passing teams in a ferocious manner, a question is presented to the jury to find whether the owner was aware of such habit, or, if not, whether he was negligent in not knowing of it, and the facts may be such that they may well find that he ought to have known it, and from such facts *imply* notice to him, and the length of time such habit is shown to have existed has an important bearing upon the decision of this question.

3. Where, in a negligence case, the charge as to contributory negligence is plain and unambiguous, it is unnecessary to repeat it when afterwards stating the elements which plaintiff is bound to prove to make out a case. If defendant's counsel are apprehensive that the jury have lost sight of such charge, they should call the attention of the court to it before the case is finally submitted to the jury.

Error to Muskegon. (Russell, J.)    Argued February 7, 1889.    Decided February 15, 1889.

_____

[1] See *Burnham v. Strother*, 66 Mich. 519, as to who is a keeper of a dog, etc.

Case.  Defendant brings error.  Affirmed.  The facts are stated in the opinion.

*Clink & Jones*, for appellant.

*DeLong & O'Hara*, for plaintiff.

CHAMPLIN, J.  The parties to this suit are farmers and neighbors, living on adjoining sections of land, one in the township of Ravenna and the other in the township of Moorland, in Muskegon county.  The defendant is the owner of a dog which had been in his possession upwards of two years.  On August 7, 1887, the plaintiff was riding in a buggy drawn by one horse, past defendant's house, in the public highway.  His hired man was sitting in the seat with him, and each was leading a colt by the halter behind the buggy.  A third, colt was following loose behind them.  The colts were two years old, had been halter-broken, and were gentle.  Plaintiff claims that, as he was driving past defendant's house on a slow trot, defendant's dog came running out into the highway, and barked and attacked the colts, frightening them, and causing them to jump against his buggy; one of them jumping upon him, and throwing him out of and under the buggy, and seriously injuring him.

This suit is brought to recover damages for such injury. Defendant pleaded the general issue, and a trial was had, and the jury returned a verdict for the plaintiff.  Objection is made to the sufficiency of the declaration.  If the defendant did not deem it sufficient, he should have demurred.  It discloses a cause of action, and will be considered sufficient after verdict.

It is also claimed that there was no testimony showing, or tending to show, that defendant knew, or had cause to believe, that his dog was vicious, and in the habit of attacking teams or passers-by in the highway.[1]  This

[1] See *Newton v. Gordon*, 72 Mich. 642, for a case on this subject.

objection is taken for the first time in this Court. It is inconsistent with defendant's third request to charge, which was as follows:

" If the injury of plaintiff was caused by one of defendant's dogs running into the highway, and biting or attacking the plaintiff's colts, or either or any of them, still the plaintiff cannot recover, unless you further find that defendant knew, or should have known, that this same dog was in the habit of so running out into the highway when people were passing, and barking at or attacking them, and had not used proper diligence to restrain him,"—

And which was substantially given by the court in the following language:

"If the injury to the plaintiff was caused by one of the defendant's dogs running into the highway, and biting or attacking the plaintiff's colts, or either or any of them, still plaintiff cannot recover, unless you further find that the defendant knew, or ought to have known, that this same dog was in the habit of so running out into the highway when people were passing, and barking at or attacking them, and did not use proper diligence in restraining him."

We have looked into the record, and we cannot say that there was no evidence tending to prove knowledge on the part of defendant of the vicious propensity of this dog to run out into the street, and bark at and attack teams of those traveling by. Numerous instances of the kind were testified to by witnesses, and there was testimony from which the jury were warranted in drawing the inference that defendant knew of this vicious habit of the dog. The length of time the defendant had owned the dog, his habit of running out into the street, giving chase to and barking at passers-by in vehicles, before the occurrence complained of, the conversation as testified to by plaintiff which he had with defendant, when he told him his dog was to blame for the injury,

and defendant's remark that it must have been the little dog, for the big one did not run out into the street, and the further fact that it was the smaller of the two dogs owned by the defendant which, as is claimed, did the mischief, were all proper to be considered and weighed by the jury, and had, if believed, some tendency to show knowledge of the vicious habit charged against the dog.

The defendant's counsel submitted three questions to the jury, which were answered by them, as follows:

"1. Was the injury that plaintiff claims to have sustained caused by either of defendant's dogs?" to which the jury answered, "Yes."

"2. Were either of defendant's dogs out in the highway at the time plaintiff was injured?" to which the jury answered, "Yes."

"3. Have either of defendant's dogs been out in the highway prior to the time the plaintiff was injured?" The jury answered, "Yes."

And, in addition to a general verdict for the plaintiff, the jury returned therewith special findings of fact:

1. That defendant's dog was in the habit of going out into the highway when teams were passing.

2. That defendant's dog was in the highway opposite the defendant's house when the accident happened.

3. That the defendant knew, or ought to have known, that his dog was in the habit of going into the highway to bark when teams were passing.

This special finding was consistent, so far as it went, with the general verdict for the plaintiff.

When it appears that a domestic animal is vicious, and has a propensity to do mischief, of which facts the owner or keeper has notice, either express or implied, the law imposes the duty upon such owner or keeper of keeping such animal secure, from which duty a liability arises in favor of any person who without his fault is injured by it, either in person or property. The principle has its

foundation in the maxim that society imposes the duty upon every one so to keep and use his own property as not to wrong and injure others. But in case of domestic animals whose dispositions are universally regarded as peaceable, no action can be maintained at common law without proof of the *scienter*. If the owner or keeper has notice or knowledge of the vicious disposition of the animal, and does not secure it so as to restrain it from doing injury to others, he is negligent in the performance of his duty, for which negligence he is responsible if injury results therefrom to others. He may be chargeable with notice through his own negligence to take note of the vicious habits of his domestic animal. If a person has a dog in his possession for a considerable length of time, and such dog has all that time been in the habit of rushing into the highway in front of the owner's residence, and of barking at, chasing, worrying, or attacking passing teams in a ferocious manner, a question is presented to the jury to find whether the owner was aware of such habit, or, if not, whether he was negligent in not knowing it. The facts may be such that they may well find that he ought to have known it, and so from such facts imply notice to him. The length of time such vicious habit is shown to have existed has an important bearing upon the question whether notice or knowledge of such habit may be inferred and imputed to the owner.

The defendant also claims that the plaintiff ought to be barred from a recovery in this case on account of his own negligence, which contributed to the result. The contention is that it was a careless and negligent act for the plaintiff to attempt to travel along a public highway, riding in a buggy, driving a horse, and leading two colts behind by the halter, and permitting another to follow, over which he had no control; that his situation while

leading the colts was such that he would have no ade-quate control over them if from accident, or any cause, they should become suddenly frightened; that, under the circumstances, *that* happened which might have been expected to happen in case the colts took fright from any cause. Based upon this position, the defendant's counsel framed two requests to the court to instruct the jury, as follows:

"1. If you find that plaintiff was guilty of negligence in passing along the highway in front of defendant's residence, leading two colts, and with another colt following loose, and that this fact contributed to the injury which plaintiff claims to have sustained, the plaintiff cannot recover.

"2. If you find that plaintiff was injured by one of the colts he was leading, and that his colts commenced playing, or jumped upon plaintiff's buggy, in consequence of the playing of defendant's colts, which were in a field near the road, and not on account of the running out or barking of either of defendant's dogs, then plaintiff cannot recover."

The instructions were given by the court in the language of the requests, and it must be presumed that the jury found that the plaintiff was without fault that contributed to the injury. The defendant's counsel criticise the charge of the court, because, when stating to the jury the elements that went to make up the plaintiff's cause of action, the court did not again mention contributory negligence as a fact which would prevent a recovery, and urge that the jury were thereby misled. We cannot reach this conclusion. The charge as to contributory negligence was plain and unambiguous, and it was unnecessary to repeat it when stating the elements which plaintiff was bound to prove to make out a case. If defendant's counsel were apprehensive that the jury had lost sight of the charge as to contributory negligence, they should have called the attention of the

court to it before the case was finally committed to their charge.

The judgment of the circuit court will be affirmed.

The other Justices concurred.