WILLIAM I. TURNER, Respondent, *v.* HORACE CRAIGHEAD, Appellant.

*Owner of a dog — chargeable with knowledge of its characteristics — damages for personal injuries.*

If a person keeps an animal upon his place and fails to exercise ordinary supervision over it, and allows it to run, he is chargeable with the same knowledge in regard to the dog which he would have obtained had he made inquiry and exercised ordinary supervision.

Upon the trial of an action brought to recover damages for personal injuries sustained by the plaintiff by reason of his having been bitten by a dog owned by the defendant, evidence was given by an employee of the defendant to the effect that the dog had made an attack upon him and bitten him and torn his clothing, and that it had attacked and bitten a carpenter upon the defendant's premises; that, when any person passed along the highway, the dog would rush out after him, and that the dog was ugly and would jump at horses' heads and try to catch them by the nose.

*Held,* that the evidence was sufficient to support a verdict of the jury in favor of the plaintiff in such action, although there was no evidence to show that the owner of the dog knew of such occurrences, and although such employee testified that he had never informed his employer of the habits or characteristics of the dog.

APPEAL by the defendant, Horace Craighead, from a judgment of the County Court of Westchester county in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 8th day of February, 1894, upon the verdict of a jury, and also from an order entered in said clerk's office on the 24th day of February, 1894, denying the defendant's motion for a new trial made upon the minutes.

*William A. Boyd,* for the appellant.

*Frederick W. Sherman,* for the respondent.

BROWN, P. J.:

This action was brought to recover damages resulting from being bitten by a dog owned by the appellant in July, 1893.

The exceptions present a single question only, viz., whether the evidence was sufficient to charge the appellant with knowledge of the vicious habits and character of the dog.

It was proven that the dog had bitten persons on two occasions prior to the attack made upon the plaintiff, and that it was his habit, as also that of two other dogs owned by the appellant, to rush out at persons passing upon the highway and bark at them.

A witness named Owens, who had been in the employ of the appellant during the year 1892, testified that the dog had made an attack upon him and bitten him and torn his clothing. That he had attacked and bitten a carpenter upon the appellant's premises. That when any person passed along the highway the three dogs would all rush out after them. That the dog in question was ugly and would jump at horses' heads and try and catch them by the snout.

There was no evidence to show that the appellant knew of those occurrences, and Owens testified that he never informed him of the habits or characteristics of the dog.

The court denied a motion made to dismiss the complaint, and in a charge, to which there was no exception, submitted it to the jury to determine whether the appellant ought to have known that the dog was savage and likely to bite, charging them that, if a person keeps an animal upon his place and fails to exercise ordinary supervision over it and lets it run and fails to obtain the knowledge which

ordinary supervision over it would give, he is chargeable with the same knowledge he would have obtained had he inquired and supervised in the ordinary and usual way.

This ruling of the court was correct and is sustained by abundant authority. (*Brice* v. *Bauer*, 108 N. Y. ·432; Wharton on Neg. § 905; *Knowles* v. *Mulder*, 74 Mich. 202.)

The judgment and order must be affirmed, with costs.

DYKMAN and CULLEN, JJ., concurred.

Judgment and order affirmed, with costs.