## WILLIAM ROWE v. CHARLES EHRMANNTRAUT.[1]

April 15, 1904.

Nos. 13,935—(67).

**Vicious Dog.**

In an action for the recovery of damages for injuries occasioned by a bite from a dog, the question before the court being whether he was of a vicious temper, it was not error to admit evidence of the animal's propensity to attack other dogs.

**Evidence.**

The evidence was sufficient to support the holding that the dog was of a vicious disposition.

**Notice to Owner.**

If the owner has seen or heard enough to convince a man of ordinary prudence of the animal's inclination to bite people, or if he has knowledge of one attempt upon a person, it is sufficient to make the owner liable. *Held*, the evidence was sufficient to support a holding that the owner had notice.

Appeal by defendant from an order of the district court for Ramsey county, Brill, J., denying a motion for judgment notwithstanding the verdict or for a new trial, after a trial and verdict in favor of plaintiff for $150. Affirmed.

*Frank A. Hutson,* for appellant.

*Harvey L. Mills,* for respondent.

LEWIS, J.[2]

Respondent was bitten by a dog owned by appellant, and recovered a verdict of $150 for his injuries.

During the trial, the subject under discussion being the dog's disposition, a witness was permitted to testify that on a certain occasion, when driving by appellant's place, the dog jumped over the fence of the yard into the street, and attacked and seriously wounded his little Scotch terrier. The terrier was produced in court, and its scars pointed out. The evidence was objected to upon the ground that it was immaterial,

---

[1] Reported in 99 N. W. 211.          [2] DOUGLAS, J., ill, took no part.

irrelevant, and incompetent, but admitted upon the ground that, while not in itself sufficient to show that appellant's dog was malevolently inclined towards persons, yet, when the fact was established that he had attacked people, the incident might be considered as bearing upon the question of the dog's temper. While true that a dog may have the habit of attacking other dogs or passing teams, and still be harmless as to people, yet, if a dog does in fact molest mankind, and the question being whether it is the result of a vicious disposition, the actions of the dog towards other dogs and animals have a bearing, and may be shown. While it was not necessary, and hardly permissible, to exhibit the terrier before the jury, yet it does not appear that any substantial prejudice was created thereby.

2. There was sufficient evidence to show that the dog was of an ill-natured disposition. Respondent was attacked and severely bitten, and, according to his testimony, without any provocation. Three other occasions were testified to of the dog's assailing passers-by and tearing their clothing. Although there was some dispute as to the identity of the dog and the time of these occurrences, that was all a question for the jury.

3. There was sufficient evidence to take the case to the jury upon the question of notice by appellant of the dog's disposition. Respondent testified that, at the time he was attacked, he went into appellant's house and made complaint of the matter to his daughters, and also notified appellant. The owner of the Scotch terrier testified that, upon the occasion of his dog's injury, he carried the animal into appellant's house, showed it to the family, and made complaint. Appellant himself testified that he had been informed by his daughters of a previous attack upon respondent, and the tearing of his coat. Appellant kept his dog. for the purpose of guarding the premises, and it was his intention to keep him confined in the yard; but it was the habit of the dog to jump out and run at large, of which fact appellant was aware. The dog was a large one, and, if the testimony in relation to his temper was true, was a dangerous animal to have upon the place, unless securely confined.

The trial court submitted this question to the jury by instructing them that if the dog was of a vicious nature, and the owner did not know it, or have reasonable cause to believe or apprehend that the dog

would harm people, then he would not be liable, but if, in the exercise of proper care, he knew or ought to have known it, then he would be liable; that if, from his knowledge of the dog, appellant had good reason to suspect him to be dangerous, then it was his duty to restrain the animal. And again, if the dog attacked people a number of times on or adjoining appellant's premises, then he might be presumed to have known the nature of the dog, and the question was left to the jury to determine from the facts whether or not the owner had notice of the dog's nature. No exceptions were taken to these instructions.

In Fake v. Addicks, 45 Minn. 37, 47 N. W. 450, it was stated that the gravamen of an action of this character is the neglect of the owner to restrain such animal after notice of its vicious propensity, and that the notice thereof must be such as to put a prudent man on his guard.

The rule is otherwise stated in Turner v. Craighead, 83 Hun, 112, 31 N. Y. Supp. 369: "If a person keeps an animal upon his place, and fails to exercise ordinary supervision over it, and allows it to run, he is chargeable with the same knowledge in regard to the dog which he would have obtained had he made inquiry and exercised ordinary supervision."

In Knowles v. Mulder, 74 Mich. 202, 41 N. W. 896, it was held that the notice by the owner of his dog's disposition might be either express or implied.

In Reynolds v. Hussey, 64 N. H. 64, 5 Atl. 458, it was said that it was the propensity to commit mischief which constitutes the danger, and therefore it is sufficient if the owner has seen or heard enough to convince a man of ordinary prudence of the animal's disposition, to constitute the claim of injuries complained of.

In Mann v. Weiand, *81 Pa. St. 243, it was stated that one instance of the vicious propensity of an animal was sufficient to charge the owner with notice thereof, and to make him liable for subsequent acts of a similar character.

We need not multiply authorities. We are satisfied that the evidence was sufficient to take the case to the jury, and the law as applied by the trial court was correct.

Order affirmed.