[No. 14192.   Department Two.   January 29, 1918.]

LOUIS P. MAILHOT *et al., Respondents,* v. JOSEPH J. CROWE *et al., Appellants.*[1]

ANIMALS—PERSONAL INJURY—VICIOUSNESS — EVIDENCE.   The viciousness of a dog is sufficiently shown by uncontradicted evidence that the dog attacked and knocked down a passer-by, without provocation.

SAME—KNOWLEDGE OF VICIOUSNESS.   Notice of the vicious propensity of a dog that attacked and knocked down a passer-by is sufficiently established where it appears that it had run after and threatened passers-by requiring interference by members of the owner's family, and that it had a reputation for viciousness in the neighborhood; notice to members of the family constituting notice to the owner.

SAME.   The owner of a vicious dog is bound to observe other manifestations of ferocity short of actual injury.

DAMAGES — PERSONAL INJURIES — EXCESSIVENESS.   A verdict for $250 for personal injuries to a working woman 65 years of age who was knocked down by a vicious bull dog is not excessive, where she was severely bruised, and rendered weak, nervous and sleepless.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered March 14, 1917, upon findings in favor of the plaintiffs, in an action for personal injuries inflicted by a vicious dog, tried to the court.   Affirmed.

*D. R. Glasgow,* for appellants.

*Lucius G. Nash* and *Frank C. Nash,* for respondents.

ELLIS, C. J.—Action for damages for personal injuries to plaintiff wife, inflicted by a dog owned and kept by defendants.   The cause was tried to the court without a jury.   The court found, that the animal was "a vicious, ill-tempered and dangerous bulldog"; that, while the injured woman was passing along a public street near defendants' residence, she was attacked by the dog suddenly and without notice, warning or provocation, thrown down and severely bruised and con-

[1]Reported in 170 Pac. 131.

tused on her stomach, breast, side and hips, from which she suffered great pain in body and mind, and still suffers "from nervous shock and injury"; that, on several occasions before the time in question, the dog had attacked other passers-by without cause or provocation, and that defendants had reason to know that the dog was dangerous, vicious and ill-tempered, but, nevertheless, suffered the animal to go at large unguarded and unrestrained, save for a muzzle. Upon these findings of fact and appropriate conclusions of law, the court awarded plaintiffs judgment against defendants for $250 and costs. Defendants appeal.

Every debatable question presented by this appeal is a question of fact. It is first contended that the dog was not shown to be vicious. To this the nature of the attack itself presents a sufficient answer. The victim, a woman sixty-five years old, supported her family by raising and selling garden produce which she peddled through the residence districts of Spokane by means of a push cart. She and three other eyewitnesses testified that she was quietly pushing this cart along the public street in front of appellants' residence when the dog, without any provocation and without warning, rushed out, sprang upon her side and back, knocked her down and, as she attempted to rise, sprang upon her and crushed her to the ground with his feet and head, only desisting when appellants' daughter came out, caught him by the collar or chain, and pulled him away. A reading of the evidence leaves scarcely a doubt that, had the dog not been securely muzzled, the old woman would have been lacerated by his teeth. This, coupled with evidence of earlier manifestations of ferocity and ill-nature, amply sustains the court's finding that the dog was vicious.

It is next contended that appellants had no notice of the dog's vicious tendencies. There was evidence of several specific instances prior to the time in question when the dog, without provocation, had run after passers-by, growling in a threatening manner. In two instances at least, members of

appellants' family had interfered by catching the dog by the collar or chain and restraining him. There was also evidence that the animal had the reputation in the neighborhood of being vicious and dangerous, so much so that some of the neighbors habitually used other streets in order to avoid passing appellants' premises. It is true that much of this evidence was contradicted by appellants' witnesses, but the credibility of witnesses, where their testimony is not inherently incredible, is peculiarly a question for the trial court. *Harrison v. Smith*, 98 Wash. 154, 167 Pac. 89. If these things are credited, it passes belief that the repeated exhibitions of these tendencies towards other people in the public street in front of appellants' residence would not, and did not, apprise appellants of the fact that the dog was viciously inclined and should not be permitted to run at large. Notice to servants or members of the family constitutes notice to the owner or keeper. *Corliss v. Smith*, 53 Vt. 532.

It is true also that, so far as the evidence shows, the dog had never actually bitten any one; but it is well established law in this state, in common with many others, that the keeper of a vicious dog is bound to observe other manifestations of ferocity short of actual injury and is not justified in neglecting to keep him in restraint until he has "effectually mangled or killed at least one person." *Robinson v. Marino*, 3 Wash. 434, 28 Pac. 752, 28 Am. St. 50; *Godeau v. Blood*, 52 Vt. 251, 36 Am. Rep. 751; *Reynolds v. Hussey*, 64 N. H. 64, 5 Atl. 458; *Flansburg v. Basin*, 3 Ill. App. 531; *Kolb v. Klages*, 27 Ill. App. 531; *Knowles v. Mulder*, 74 Mich. 202, 41 N. W. 896, 16 Am. St. 627; *Rowe v. Ehrmanntraut*, 92 Minn. 17, 99 N. W. 211; 3 Shearman & Redfield, Negligence (6th ed.), § 632.

The amount of the recovery was not excessive. While the injured woman was advanced in years, the evidence shows that she was strong and healthy and the main support of her family prior to the injury. The evidence also shows that, when examined by a physician some two weeks after the

injury, her side, hip and leg were still discolored by bruises, and that she was then in a very weak and nervous condition, and had so remained up to the time of trial, so much so that, since the injury, she has suffered from sleeplessness and has been able to do little work of any kind.

We are unable to see that the evidence in any particular preponderates against the court's findings.

The judgment is affirmed.

MOUNT, HOLCOMB, MORRIS, and CHADWICK, JJ., concur.