[No. 20387. Department One. July 13, 1927.]

ARTHUR SHELBY et al., Respondents, v. JOHN SEUNG, Appellant.[1]

[1] ANIMALS (10, 14)—PERSONAL INJURIES—OWNER'S KNOWLEDGE OF VICIOUS PROPENSITIES—EVIDENCE—SUFFICIENCY. In the absence of proof of *scienter*, the owner of a dog is not liable for damages when the dog, lawfully in the street, attacked and bit a pedestrian.

[2] SAME (9)—DOGS—DUTY OF OWNER. In the absence of any statute or ordinance making it unlawful to permit dogs to be upon the streets of a city, a dog not known to be vicious is not unlawfully at large in the street.

Appeal from a judgment of the superior court for King county, Davidson, J., entered September 24, 1926, upon findings in favor of the plaintiffs, in an action in tort, tried to the court. Reversed.

*Hartge & Cadwallader,* for appellant.

*H. E. Foster,* for respondents.

MAIN, J.—This action was brought to recover damages for personal injuries to the plaintiff Adeline Shelby caused by the bite of a dog. The cause was tried to the court without a jury and resulted in findings of fact and conclusions of law sustaining a recovery in the sum of $750. From the judgment entered for this amount, the defendant appeals.

The appellant on September 11, 1925, and for some time prior thereto, resided at 1503 Jefferson street in the city of Seattle. The respondents lived some blocks to the west upon the same street. On the evening of the day mentioned, at about eight o'clock, Mrs. Shelby, together with a young daughter of a neighbor, was proceeding east on the sidewalk on the south side of

[1]Reported in 257 Pac. 838.

Jefferson street. As they were passing along in front of the residence of the appellant, which was on that side of the street, a dog suddenly rushed out and bit Mrs. Shelby twice upon the right leg about half way between the knee and ankle, inflicting a wound for which the damages in this case are sought.

[1] Before the respondents are entitled to recover, in addition to showing the vicious nature of the dog, it is necessary that they establish either, first, that the appellant, the owner of the dog, had knowledge of such vicious nature, or second, that the dog when it made the attack was wrongfully upon the sidewalk, which was a part of the public street.

In *Lynch v. Kineth,* 36 Wash. 368, 78 Pac. 923, 104 Am. St. 958, it is said:

"The general rule is thus stated in 2 Cyc. 368: 'The owner or keeper of a domestic animal not naturally inclined to commit mischief, while bound to exercise ordinary care to prevent injury being done by it to another, is not liable for such injury if the animal be rightfully in the place when the mischief is done, unless it is affirmatively shown, not only that the animal was vicious, but that the owner or keeper had knowledge of the fact. When such *scienter* exists, the owner or keeper is accountable for all the injury such animal may do, without proof of any negligence or fault in the keeping, and regardless of his endeavors to so keep the animal as to prevent the mischief.' "

In 3 C. J. 94, it is said:

"If domestic animals injure any person or property while wrongfully in the place where the injury is done, the owner is liable, although he had no notice that such animal was accustomed to do such wrong or mischief. In such case the ground of action is that the animal was wrongfully in the place where the injury was done, and it is not necessary to allege or prove any knowledge on the part of the owner that such animal had previously been vicious."

In the present case the trial court did not find that the appellant had prior knowledge or notice of the vicious nature of the dog, and the evidence will not justify us in so holding. There was testimony by one witness that the appellant had said to him, after the attack upon Mrs. Shelby, that the dog had a vicious nature, but this was denied by the appellant, and the other evidence is such as to show not only that the appellant did not have knowledge of the vicious nature of the dog prior to this time, but that in fact this was the first time that it had given evidence of such a disposition.

[2] This leads to the question as to whether the dog was wrongfully upon the street. Our attention has been called to no rule of the common law which made it unlawful for the owner to permit a dog to be upon a public street or highway, and from our investigation of the subject we have been unable to find any authority so holding. No statute covering the matter has been brought to our attention and no ordinance of the city of Seattle has been pleaded or introduced in evidence which makes it unlawful to permit dogs to be upon the streets of the city. Under these circumstances, it must be held that the case fails because the evidence does not establish one of the necessary elements of the cause of action.

The judgment will be reversed, and the cause remanded with direction to the superior court to dismiss the action.

MACKINTOSH, C. J., MITCHELL, FULLERTON, and FRENCH, JJ., concur.