[No. 51867-4-I.   Division One.   November 1, 2004.]

THE STATE OF WASHINGTON, *Respondent*, v. HENRY EUGENE YOUNG, *Appellant*.

*Gregory C. Link* (of *Washington Appellate Project*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Lee D. Yates, Deputy*, for respondent.

BECKER, J. — The State proved a charge of attempted child molestation solely through testimony about what the 11-year-old victim said to several neighbors immediately after the incident. We hold that a trial court has discretion to admit hearsay uttered spontaneously in reaction to a startling event even when the hearsay itself is used to establish that the startling event occurred.

Eleven-year-old K.L. lived with her mother and her younger brother. Appellant Henry Young, who had been dating K.L.'s mother, was at their house by himself on the afternoon of May 3, 2002, when K.L. and her brother came home from school. Young offered to give them money to clean the house and they began cleaning. A short time later, K.L. came running across the street and into the house of a teenage friend who was like a big sister to her. According to

the friend's trial testimony, K.L. was crying hysterically. K.L. said that while she was in the bathroom cleaning, Young came in and stuck his hand underneath her pants and "tried to feel on her butt," tried to put money under her belt and was trying to undo her belt buckle.[1] Another witness who was present testified that K.L. came into the house "shaking" and "terrified," and related K.L.'s descriptions of how Young had put his hands down inside her pants.[2]

The police were notified. The State, after investigation, charged Young on July 19, 2002 with attempted first degree child molestation.

K.L.'s mother married Young that same month. K.L. wrote a letter to Young recanting the accusation that Young had touched her improperly. This letter was notarized and witnessed by K.L.'s mother. In late August, K.L.'s mother took her to a therapist. In the presence of her mother, K.L. told the therapist that no sexual contact had occurred. She said she made up the story and told it to the neighbors with the idea of getting Young out of the house.

It became clear that the State would not be able to prove the charge at trial unless K.L.'s hearsay statements to the neighbors were admitted under the excited utterance exception to the hearsay rule. Before the first trial began, the court took testimony from the neighbors in order to decide the question of admissibility. K.L. testified as well and acknowledged that she had complained to her friends across the street about Young. She said she did not know him very well at the time and did not want to have him around. She said what she told her friends that day was merely that Young put his hand in her back pocket and "squeezed" her butt.[3] She said she was not really upset, but made herself cry in order to appear upset to the neighbors, because she thought one of them would get mad enough to

---

[1] Report of Proceedings (Volume 3 of 3, part 1 of 2) at 334.

[2] Report of Proceedings (Volume 3 of 3, part 1 of 2) at 450.

[3] Report of Proceedings (Volume 1 of 3) at 139.

make Young leave the house. The court, having heard the neighbors describe K.L. as genuinely upset and frightened, ruled that they could testify that K.L. at the time had described Young putting his hand inside her pants and trying to undo them.

The first trial against Young ended with the jury unable to reach a verdict. The second trial ended with a conviction. Because Young had a previous qualifying conviction for rape, the court found him to be a persistent offender and imposed the mandatory sentence of life without parole. Young appeals. He primarily challenges the admission of the neighbors' testimony about what K.L. told them on the afternoon in question.

■ An out of court statement offered to prove the truth of the matter asserted is admissible at trial if the statement relates to "a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." ER 803(a)(2). In making a preliminary determination as to admissibility of evidence, the trial court "is not bound by the rules of evidence," except those with respect to privileges. ER 104(a). The admission of a statement as an excited utterance will be examined for an abuse of discretion. *State v. Woods*, 143 Wn.2d 561, 594, 23 P.3d 1046 (2001).

■ Three requirements must be satisfied in order for a hearsay statement to qualify under this exception to the hearsay rule: A startling event or condition must have occurred; the declarant must make the statement while under the stress or excitement caused by the startling event or condition; and the statement must relate to the startling event or condition. *State v. Chapin*, 118 Wn.2d 681, 686, 826 P.2d 194 (1992).

According to McCormick's treatise on evidence, a statement itself is generally considered sufficient proof that an exciting event occurred, but some courts hold that an excited utterance is admissible only if there is independent evidence of the exciting event. "Fortunately, only a very few cases need actually confront this knotty theoretical problem

if the courts view what constitutes independent evidence broadly, as they should where the circumstances and content of the statement indicate trustworthiness." 2 McCORMICK ON EVIDENCE § 272, at 206 (John W. Strong ed., 5th ed. 1999) (footnote omitted).

Young asks us to adopt the strict view followed by the Michigan Supreme Court in *People v. Burton*, 433 Mich. 268, 445 N.W.2d 133 (1989). In *Burton*, a police officer saw a woman, the declarant, running down the street, disheveled and wearing no shoes. She told the officer she had been sexually assaulted by the defendant, provided details, and showed him the house where it had happened. At trial, the woman testified that she and the defendant had been in an angry argument, but there had been no sexual contact. She said she made up the story about being raped to get back at the defendant for having slapped her. Her earlier statement to the officer, admitted as an excited utterance, was the sole substantive evidence that the defendant had committed the forcible sexual assault for which he was convicted. *Burton*, 445 N.W.2d at 134-36.

The Michigan Court of Appeals upheld the admission of the statements on the basis that there was substantial corroboration of a startling event in addition to the woman's statement to the officer. In the view of the Court of Appeals, substantial corroboration was supplied by the fact that the woman was wearing only a dress, she looked over her shoulder as she ran, she tried to get into the police car before the officer had unlocked the doors, she continued to cry for a time while in the car, she repeated her story later that morning, and articles of her clothing were found in the defendant's possession and in his house. *Burton*, 445 N.W.2d at 137.

The Michigan Supreme Court reversed and held that an excited utterance cannot be used to prove the underlying startling event where there is no independent proof that such an event took place:

It is the presence of a startling event that lends the utterance emanating therefrom its special reliability. Care must be taken to ensure that this principle is not reversed, that is, the excited utterance must not be used to substantiate the event from which the utterance must be shown to have arisen. In order to guard against this "bootstrapping," we must determine whether the non-excited-utterance evidence independently furnishes proof of the underlying event.

*Burton*, 445 N.W.2d at 144. The corroboration relied on by the Court of Appeals at best pointed to a "stressful event with sexual overtones." *Burton*, 445 N.W.2d at 146. The excited utterances themselves "should not, and cannot, furnish the missing link to the establishment of the specific startling event to which the utterances must relate and from which they must arise." *Burton*, 445 N.W.2d at 146.

*Burton*, if followed in the present case, would compel reversal. Aside from K.L.'s statements to the neighbors at the time, there was no evidence of the startling event to which the statements relate—i.e., no evidence that Young had tried to put his hands inside her pants. At best, there was evidence of a stressful event with sexual overtones— K.L.'s testimony that Young had attempted to tuck cash into her pants pocket.

■■ Having reviewed the authorities discussed by McCormick and by the *Burton* court, we conclude that the bright-line *Burton* analysis is unnecessarily strict.[4] Certainly, trial courts must carefully evaluate the circumstances surrounding the excited utterance to be sure they truly indicate its trustworthiness. The analytical view taken by McCormick best accommodates the discretionary nature of the trial court decision. In this case, K.L.'s own testimony at the preliminary hearing corroborated her earlier hearsay statements in many significant details, including the fact that there was an encounter in the bathroom in which Young "squeezed" her butt while at-

---

[4] *But see State v. Terry*, 10 Wn. App. 874, 880, 520 P.2d 1397 (1974) (stating in dicta, the excited utterance exception will not be extended where the statement "relates merely to an event which is not established except by the hearsay testimony itself"), *cited in Burton*, 445 N.W.2d at 140.

tempting to press money into her pants pocket.[5] Broadly viewed, this testimony constitutes circumstantial evidence of the startling event to which the hearsay statements relate.

Judge Mattson, who presided over both trials, carefully analyzed the admissibility of K.L.'s hearsay statements on two separate occasions. As he observed, spontaneity is generally recognized as the key to admissibility of a statement as an excited utterance. *See, e.g., Johnston v. Ohls*, 76 Wn.2d 398, 406, 457 P.2d 194 (1969); *Chapin*, 118 Wn.2d at 686; *State v. Brown*, 127 Wn.2d 749, 758, 903 P.2d 459 (1995). While acknowledging "some circular aspects"[6] to the analysis, Judge Mattson ultimately found that the evidence of the surrounding circumstances preponderated in favor of K.L.'s statements meeting the requirements for the excited utterances exception. The testimony was "weak on any evidence other than the excited utterance as to the happening of a startling event but sufficiently strong on spontaneity and a close proximity between the time of the event and the making of a statement . . . ."[7]

> We've got some young adults who saw her, all of whom seem to have known her before and had contact with her and never seen her in this condition and described her as being in an extreme state of emotional condition in terms of crying, hysterical, gasping for breath, red in the face . . . And this, you know, occurred under circumstances in which from the context of what was said could reasonably be inferred to have just happened . . . .
>
> . . . I do not find it credible that this 11-year-old child was under the circumstances so artful that she created a false impression in the part of all these people . . . .[8]

Whether corroborating evidence independent of the declaration is needed in a given case to establish the occur-

---

[5] Report of Proceedings (Volume 1 of 3) at 139.

[6] Report of Proceedings (Volume 1 of 3) at 153.

[7] Report of Proceedings (Volume 1 of 3) at 386-87.

[8] Report of Proceedings (Volume 1 of 3) at 166.

rence of such an event is committed to the discretion of the trial judge. *See United States v. Brown*, 254 F.3d 454, 460 (3d Cir. 2001). Judge Mattson's thorough and articulate consideration of all the circumstances surrounding the hearsay statements in this case provides ample assurance that the statements were trustworthy. We find no abuse of discretion in his considering them as evidence of the startling event.

Young also argues that a prior statement is not admissible as an excited utterance if the declarant later admits to having fabricated any portion of it. He claims this is the bright-line rule established by *Brown*, 127 Wn.2d 749.

The victim in *Brown* called 911 and reported that she had been abducted and raped in Brown's apartment. At trial, she maintained the accusation of rape. But, she said that before she called 911 she decided to fabricate the story about being abducted because she was afraid the police would not believe she had been raped if they knew she had gone to the apartment willingly. The trial court, over defense objection, admitted the tape of her 911 call as an excited utterance. *Brown*, 127 Wn.2d at 751-53. The Supreme Court reversed. Since part of the 911 call was plainly the product of fabrication, it was unreasonable to conclude the victim was still under the influence of the startling event when she made the call. Because the call lacked spontaneity, its content could not qualify as an excited utterance. *Brown*, 127 Wn.2d at 758.

Contrary to Young's argument, *Brown* does not say that an excited utterance cannot be admitted if the declarant later claims it was a fabrication. Rather, it stands for the principle that the utterance will not be admitted if the declarant was no longer under the influence of the startling event. *See State v. Briscoeray*, 95 Wn. App. 167, 172-73, 974 P.2d 912, *review denied*, 139 Wn.2d 1011 (1999). In deciding that K.L. was still under the influence of the startling event when she made the statements relating to it, the trial court appropriately evaluated the credibility of K.L.'s testimony

and compared it to the strong evidence that her earlier statements were spontaneous. The rationale is well stated in *Briscoeray*:

> Because the excited utterance rule is based on the premise that the speaker has no opportunity to lie before making the utterance, if the speaker in fact did have that opportunity, then by definition the statement cannot be an excited utterance. In such a case, the credibility of the statement is irrelevant.
>
> In contrast, in a case such as the present one, where there is substantial evidence that the witness did not have the time or opportunity to fabricate a story before making the statements at issue, the statements may properly fall within the excited utterance exception. If the witness later recants, the trial court does not err by weighing the witness's credibility against the evidence indicating that the statements were spontaneous and reliable.

*Briscoeray*, 95 Wn. App. at 172-73. The trial court discounted K.L.'s various efforts to disavow her earlier statements, in part because it appeared she had been under some pressure from her mother, and also because the neighbors testified credibly that K.L. was virtually hysterical when she made the statements.

In summary, neither K.L.'s recantation of her earlier statements, nor the fact that her earlier statements provided the only evidence that Young attempted to molest her, precluded the admission of those statements as excited utterances. We find no abuse of discretion.

Affirmed.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.

ELLINGTON, A.C.J., and GROSSE, J., concur.

Reconsideration denied December 10, 2004.

Review granted at 154 Wn.2d 1025 (2005).