[No. 20715.   Department Two.   October 25, 1927.]

CASCADE FINANCE COMPANY, *Appellant,* v. COMMERCIAL SECURITIES CORPORATION, *et al., Respondents.*[1]

[1] EVIDENCE (226, 227)—WEIGHT AND SUFFICIENCY—CREDIBILITY OF WITNESSES.  The direct testimony of an interested witness may be overcome by a plain inference from the facts and circumstances surrounding the transaction, and is not binding on the trial court.

[2] PLEADING (174)—ISSUES AND PROOF—UNDER GENERAL DENIAL.  Under a general denial of plaintiff's title to a car, evidence was admissible of any fact tending to dispute his title.

[3] APPEAL (451)—REVIEW—HARMLESS ERROR—EVIDENCE IN TRIAL TO COURT.  In a trial to the court, the admission of erroneous evidence is harmless where the judgment was sustained by other evidence.

Appeal from a judgment of the superior court for King county, Stern, J., entered December 14, 1926, upon findings in favor of the defendant, in an action in tort, tried to the court.   Affirmed.

*Harry Ellsworth Foster* and *Louis F. Buty,* for appellant.

*Joseph Oakland,* for respondents.

MAIN, J.—The plaintiff brought this action seeking to recover the value of an automobile which it claimed had been converted by the defendants.   The cause was tried to the court without a jury, and resulted in findings of fact and conclusions of law denying a recovery.   From the judgment entered dismissing the action, the plaintiff appeals.

The facts, except in one particular, are not in serious dispute.   The appellant, Cascade Finance Company, a corporation, and the respondent Commercial Securities Corporation are both engaged in the business

[1] Reported in 260 Pac. 251.

of financing automobile loans.   One F. E. Harmon was engaged in the business of selling used automobiles in the city of Seattle.   His place of business was at the corner of Westlake and Ninth Avenues.   It was known as Harmon's Corner, and only a portion of the place used in the business was roofed over.   On or about May 1, 1926, the appellant, having repossessed a Chevrolet coupe upon which it then held the conditional sales contract, delivered the car, through one of its officers, to Harmon at his place of business.   Thereafter and on the 15th of the same month, Harmon sold the car to one B. J. Boswell upon a conditional sale contract, accepting a car which Boswell then owned at the value of one hundred dollars, which constituted the first payment.   This contract was, by Harmon, sold to the respondent, Commercial Securities Corporation. Harmon did not pay the purchase price of the car to the appellant.   Shortly after this, Harmon, being unable to meet his financial obligations, left the city of Seattle, and at the time of the trial his whereabouts was unknown.   The appellant, in time, made demand for the car, which was refused, and this action followed.

[1]   The controlling question is whether the Chevrolet coupe was delivered to Harmon for storage or upon consignment.   If it was delivered for storage, the appellant has a right to prevail.   On the other hand, if it was placed with Harmon on consignment, he had a right to sell it and the judgment must be affirmed. The officer of the appellant corporation who delivered the car testified that it was left at Harmon's place of business for storage.   From the facts and circumstances surrounding the transaction, there is a plain inference that the car was left upon consignment.   The question is then reduced to whether the direct testimony of an interested witness overcomes the inference

to be drawn from undisputed facts. The trial court did not accept the oral testimony as controlling, and after having given attentive consideration to all the facts and circumstances, which need not here be detailed, but which are supported by the evidence, we are of the opinion that the case was correctly decided.

[2] Much is said in the appellant's brief upon the matter of estoppel, which was not plead in the answer. As we view it that question is not in the case. The issue was whether title to the automobile passed when the sale was made to Boswell. Under the answer, which was a general denial, it was proper to receive evidence which disputed the appellant's claimed title. In 21 R. C. L., p. 566, it is said:

"The well established rule is that the general denial puts in issue every fact included within the allegations of the petition which the plaintiff is bound to prove in order to recover."

[3] Complaint is also made as to the introduction of certain evidence, but the evidence objected to may be disregarded and the result would be the same. The recent case of *Commercial Credit Co. v. National Credit Co.,* 143 Wash. 253, 255 Pac. 104, is controlled by facts which are essentially different from those in the present case. The questions are not the same.

The judgment will be affirmed.

MACKINTOSH, C. J., FULLERTON, ASKREN, and HOLCOMB, JJ., concur.