[No. 24668. Department Two. August 16, 1934.]

MARIE YOUNG, *by Ray W. Young, Her Guardian Ad Litem, Respondent,* v. WM. ESTEP, *Appellant.*[1]

*Carl J. Smith,* for appellant.
*Patterson & Ross,* for respondent.

HOLCOMB, J.—This appeal is from a judgment for damages for personal injuries sustained by respondent by reason of having been bitten by a chimpanzee in the charge and custody of the co-defendant Stein.

[1]Reported in 35 P. (2d) 80.

The case was tried to the court, which made findings of fact, conclusions of law and a judgment in favor of respondent for seven hundred and fifty dollars. Each of the defendants appeared separately and filed separate answers, but this appeal is prosecuted by only one of them, who was alleged in the complaint of respondent to have been the owner, and the other the trainer, of the animal.

Upon conflicting, but competent, evidence, the trial court made the following findings: That respondent is a minor and was ten years of .age at the time of instituting the action; that, on September 18, 1931, and at all times alleged in the complaint of respondent, William Estep was the owner, and Joseph Stein the trainer, respectively, of the chimpanzee which caused the injuries alleged in the complaint; that the chimpanzee was of a vicious nature and disposition and was likely at any time to bite a human being, which was known by defendants.

That, on September 18, 1931, at about the hour of five o'clock in the afternoon, defendant Stein was in charge of the chimpanzee and was on the sidewalk in front of the Columbia police station on Rainier avenue in Seattle, which sidewalk was and is a public thoroughfare in that city; that the chimpanzee was at that time and place not on leash or any form of restraint; that defendant Stein was acting as the agent, servant and employee of defendant Estep; that, at that time and place, plaintiff Marie Young was passing the animal when he viciously attacked her, throwing her to the pavement and biting and mangling her right hand; that the defendants were negligent in that they did not have such animal under any restraint, and took no precaution whatever to prevent such animal from attacking respondent or other persons; that, by reason of the attack of such animal, Marie Young

suffered severe injuries and lacerations to her right hand which have left permanent scars; that, by reason of the attack by such animal, Marie Young received a severe shock to her nervous system, and was for a long period of time unable to sleep except under the influence of an opiate; that her injuries required medical attention and treatment, and expense was incurred in connection therewith; that, by reason of the injuries caused to the plaintiff by the negligence of defendants, as above set forth, respondent was damaged in the sum of seven hundred and fifty dollars.

On appeal, appellant contends that, to hold him liable, it is necessary for respondent to prove first, ownership; second, that appellant knew that the animal was vicious, or had reason to believe that she would bite human beings, and was negligent. Appellant contends that the evidence is undisputed that he disposed of the animal to his co-defendant, Joseph Stein, on or about August 4, 1931.

Neither of defendants was present at the trial, but testified by depositions taken at various places. It is contended that one Maxwell, who testified by deposition at Indianapolis, Indiana, and is not a party to the action, was a disinterested witness. On the contrary, Maxwell describes himself as a brother-in-law of Estep, the principal defendant in this action, and an associate or assistant in the propagation of a new religious cult promoted by appellant. Hence, he could not be called disinterested. Their testimony was all that of interested parties. To the contrary, a police officer of Seattle, who was a disinterested witness, testified that, more than a week before the attack in question, appellant had asserted his ownership of the animal. This was competent evidence of ownership. 50 C. J. 786, § 66. Cf. *Cascade Finance Co. v. Com-*

*mercial Securities Corporation,* 145 Wash. 372, 260 Pac. 251.

Two police officers who were in the Columbia police station at the time of the attack by the animal and looking through a window, testified as to how it occurred. The little girl and her father also testified as to how it occurred. According to the testimony of all of them, there was no provocation of the attack by the little girl.

Stein, the supposed trainer of the animal, also made statements to witnesses that the animal in question had bitten him in the hand and had bitten another trainer. This testimony showed the vicious tendency of the animal and knowledge thereof by appellant's employee who had the animal in possession at the time of the attack. That made it incumbent upon Stein and appellant to keep the animal under control, knowing her vicious tendencies.

When such *scienter* is established on the part of the owner and keeper of such an animal, the owner or keeper is accountable for all the injury such animal may do, without proof of any negligence or fault in the keeping, and regardless of his endeavors to so keep the animal as to prevent the mischief. Knowledge of a servant or agent of an animal's vicious tendencies will be imputed to the master when such servant or agent has charge or control over the animal. *Lynch v. Kineth,* 36 Wash. 368, 78 Pac. 923, 104 Am. St. 958. See, also, *Shelby v. Seung,* 144 Wash. 317, 257 Pac. 838.

Appellant further contends that the judgment is grossly excessive. Two doctors and the father testified as to the injuries to the girl and her nervous condition since that time. In view of her pain and suffering and the condition it has caused since that time up

to the time of the trial, we cannot say that the recovery is excessive.

The judgment is therefore affirmed.

BEALS, C. J., TOLMAN, BLAKE, and GERAGHTY, JJ., concur.