[No. 1477-3.   Division Three.   March 9, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM GREENE, *Appellant*.

*James E. Barrett*, for appellant (appointed counsel for appeal).

*Arthur R. Eggers, Prosecuting Attorney*, and *John S. Biggs, Deputy*, for respondent.

MUNSON, J.—Defendant, William Greene, appeals from a conviction of sodomy, RCW 9.79.100.

Defendant contends the trial court erred: (1) in denying the defendant an order authorizing him access to and discovery of the files of the prosecuting attorney's office in Walla Walla County relating to the charging and prosecution of individuals for the crime of sodomy; and (2) in admitting hearsay testimony that was not within the res gestae exception.

The defendant and Michael Hewson are both inmates confined in the Washington State Penitentiary. Hewson testified that on the evening of October 17, 1974, he encountered the defendant who asked him if he would be interested in moving into the defendant's cell. Hewson then testified that he bought seven hits of speed, injected the speed in his arm, and proceeded to go to the defendant's cell at approximately 7:30 p.m. Hewson next testified that the defendant and his cellmate were "trying to talk me into it, and that went on and on for about an hour" at which time the defendant hit Hewson in the stomach and he "decided to cooperate"; Hewson was then raped by the defendant and his cellmate.

At approximately 8:55 p.m., following the incident, Hewson asked the cell officer if he could speak to the lieutenant. The lieutenant testified that when he encountered Mr. Hewson approximately 15 minutes later, Hewson's face was red, he started crying, said he was in need of protection, and that he had been raped. The lieutenant called the hospital supervisor, Mr. Hall.

Mr. Hall encountered the victim at approximately 9:15 p.m., testified that he was "very upset . . . he was crying . . . very nervous," and that by 9:45 p.m. he still had not settled down. Mr. Hall interviewed the victim at 9:45 p.m. and was informed of the circumstances surrounding the incident and the identity of the parties who had committed the act; it was quite apparent to Mr. Hall that the victim was under the influence of drugs.

Defendant first contends that the court erred in denying

him the right to discovery of the records of the prosecuting attorney concerning charges and convictions of sodomy. Defendant sought to support his allegation of unequal application of the sodomy statute in Walla Walla County, which allegedly constituted an abridgment of the equal protection and due process clauses of the fourteenth amendment to the United States Constitution.

The scope of discovery is a matter entirely within the sound discretion of the trial court. *State v. Smith*, 74 Wn.2d 744, 750, 446 P.2d 571 (1968); *State v. Messinger*, 8 Wn. App. 829, 839, 509 P.2d 382 (1973); CrR 4.7(e). The trial court did not abuse its discretion.

Appellant next contends that the testimony of Lieutenant Thompson and Mr. Hall should not have been admitted within the "excited utterance" exception to the hearsay rule. We disagree. The elements necessary to admit an excited utterance within the exception to the hearsay rule are set forth in *State v. Canida*, 4 Wn. App. 275, 276, 480 P.2d 800 (1971).[1] The record reflects that the utterances related to the main event; they were natural declarations of a statement of facts, not the product of lengthy premeditation, and within such time as to preclude the possibility that the statements were the result of deliberation.

Appellant contends, however, that the use of "speed" by the victim voids the otherwise trustworthy

---

[1] "(1) The statement or declaration made must relate to the main event and must explain, elucidate, or in some way characterize that event; (2) it must be a natural declaration or statement growing out of the event, and not a mere narrative of a past, completed affair; (3) it must be a statement of fact, and not the mere expression of an opinion; (4) it must be a spontaneous or instinctive utterance of thought, dominated or evoked by the transaction or occurrence itself, and not the product of premeditation, reflection, or design; (5) while the declaration or statement need not be coincident or contemporaneous with the occurrence of the event, it must be made at such time and under such circumstances as will exclude the presumption that it is the result of deliberation, and (6) it must appear that the declaration or statement was made by one who either participated in the transaction or witnessed the act or fact concerning which the declaration or statement was made. *Beck v. Dye*, 200 Wash. 1, 9, 92 P.2d 1113, 127 A.L.R. 1022 (1939)."

character of the excited utterance. The use of the drug by the victim goes to the weight of the testimony, not its admissibility. The evidence does not demonstrate the accusation was a product of the drug as opposed to the incident of sodomy.

Lastly, the appellant contends that the "excited utterances" were not admissible within the exception to the hearsay rule in that they were the product of questioning by Mr. Hall. The contention is not well taken. *State v. Kwan*, 174 Wash. 528, 535, 25 P.2d 104 (1933).

Judgment affirmed.

McINTURFF, C.J., and GREEN, J., concur.

Petition for rehearing denied April 14, 1976.

Review denied by Supreme Court June 8, 1976.