# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46536-1-II |
| Respondent, | |
| v. | |
| ANTHONY HOWARD PATTON, JR., | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Anthony Howard Patton Jr. appeals his convictions for second degree assault and tampering with a witness, [1] arguing that the trial court erred in admitting statements made by Colleen Begallia to Officer Latimer under the excited utterance exception to the rule against hearsay. We affirm because the trial court did not abuse its discretion by admitting the statements.

FACTS

Patton and Begallia were romantically involved and lived together. In the three days preceding the alleged incident giving rise to the charges, Patton and Begallia used methamphetamine, did not sleep, and argued extensively. On the morning of the alleged incident, the couple was in their room. Begallia tried to leave the room that they shared, but Patton blocked her exit. Begallia tried to push him away so she could leave, but Patton "grabb[ed] her by the neck" to restrain her. Verbatim Report of Proceedings (VRP) (June 11, 2014) at 88. Begallia got away from Patton and ran to the gas station down the street to call 911.

---

[1] Patton was also convicted of two counts of violation of a no contact order based on conduct after he was charged, but he does not challenge those convictions on appeal.

Officer Darrin Latimer testified that he received the dispatch call at 7:28 a.m. and arrived at the gas station at 7:30 a.m. He saw Begallia standing by the pay phone wearing shorts, a tank top, and no shoes. He described seeing Begallia as "obviously upset, she was crying, she appeared distraught." VRP (June 4 & 5, 2014) at 67. Officer Latimer noted that Begallia had red marks and bleeding scratches on her neck.

Officer Latimer also testified that Begallia told him that when she attempted to leave the bedroom that morning, Patton "suddenly grabbed her by the throat and held her down on the bed by her throat strangling her." VRP (June 4 & 5, 2014) at 68. Begallia also told him that when she was finally able to push Patton off, she fled to the gas station without putting shoes on.

The State charged Patton with one count of second degree assault and alleged that this crime involved domestic violence. [2] The court issued a no contact order prohibiting Patton from contacting Begallia pending resolution of the charge. While in custody awaiting trial, Patton called Begallia on the jail phone. In that jail phone call, Patton spoke with Begallia about his pending assault charge:

[Patton]: The only way that I can beat [these charges] . . . is self-defense.

. . . .

[Begallia]: "Self defense, Anthony, when I didn't touch you."

. . . .

[Patton]: ". . . You got to use your head right now, okay?"
. . . .

[Begallia]: ". . . you're telling me to say that I attacked you."

---

[2] RCW 10.99.020(5)(b).

Ex. 16. After this jail phone call, the State amended the charges against Patton to add a charge of tampering with a witness and two counts of violation of a no contact order. The State also alleged that this crime involved domestic violence.

At trial, the State sought to admit Begallia's statements to Officer Latimer through Officer Latimer's testimony under the excited utterance hearsay exception. The State argued that Latimer's testimony would indicate that Begallia was distraught when she told the officer that Patton had strangled her. Patton objected, arguing that her statements did not qualify as an excited utterance because it was unclear whether Begallia's emotional state was due to the incident or her methamphetamine use. The trial court admitted Officer Latimer's testimony regarding Begallia's statements under the excited utterance exception to the hearsay rule.

The jury found Patton guilty as charged. On appeal, Patton challenges his convictions for second degree assault and tampering with a witness.

ANALYSIS

Patton claims that the trial court erred when it admitted Officer Latimer's testimony regarding Begallia's statements made to him under the excited utterance exception to the rule against hearsay. Specifically, Patton argues that the court did not determine that sufficient corroborating evidence established whether the startling event occurred and whether the declarant was still under the stress of the event when the statement was made. We disagree and hold that the trial court did not abuse its discretion in admitting the testimony.

1. Legal Principles

We review the trial court's determination to admit or exclude evidence for an abuse of discretion. *State v. Gresham*, 173 Wn.2d 405, 419, 269 P.3d 207 (2012). A trial court abuses its

discretion when its decision is based on untenable grounds or untenable reasons. *State v. Barnett*, 104 Wn. App. 191, 199, 16 P.3d 74 (2001).

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." ER 801(c). Hearsay is inadmissible unless the statement falls under an exception, like the excited utterance exception. ER 802.

The excited utterance exception is defined as "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." ER 803(a)(2). "[T]he proponent of excited utterance evidence must satisfy three 'closely connected requirements' that (1) a startling event or condition occurred, (2) the declarant made the statement while under the stress of excitement of the startling event or condition, and (3) the statement related to the startling event or condition." *State v. Young*, 160 Wn.2d 799, 806, 161 P.3d 967 (2007).

The first and second elements can be established by circumstantial evidence such as "the declarant's behavior, appearance, and condition; appraisals of the declarant by others; and the circumstances under which the statement is made." *Young*, 160 Wn.2d at 810. "The key determination [of the second element] is 'whether the statement was made while the declarant was still under the influence of the event to the extent that [the] statement could not be the result of fabrication, intervening actions, or the exercise of choice or judgment.'" *State v. Strauss*, 119 Wn.2d 401, 416, 832 P.2d 78 (1992) (quoting *Johnston v. Ohls*, 76 Wn.2d 398, 406, 457 P.2d 194 (1969)).

2.  Startling event or condition occurred

The first element requires a finding that a startling event occurred. *Young*, 160 Wn.2d at 806. The occurrence of a startling event may be inferred through circumstantial evidence. *State v. Rodriquez*, 187 Wn. App. 922, 938, 352 P.3d 200 (2015); *see also State v. Williamson*, 100 Wn. App. 248, 258-59, 996 P.2d 1097 (2000) (finding a startling event occurred based on the circumstantial evidence of the victim being described as upset, crying, and emotional); *see also State v. Thomas*, 150 Wn.2d 821, 855, 83 P.3d 970 (2004) (finding a startling event occurred based on the circumstantial evidence of the declarant being described as "visibly shaken" and scared).

Here, Begallia claimed she had been strangled by Patton and described the event to Officer Latimer and the 911 operator. The trial court found that a startling event occurred based on Officer Latimer's description of Begallia's appearance and demeanor. This finding is supported by Officer Latimer's testimony that Begallia was crying and visibly distraught. Thus, the trial court did not abuse its discretion in finding a startling event had occurred.

3.  Declarant made statement while under the stress of excitement of the startling event or condition.

The second element requires a finding that Begallia was still under the stress of the startling event when she made the statements to Officer Latimer. *Young*, 160 Wn.2d at 806. It is reasonable to find that a victim is still under the stress of the startling event where the victim presents in a state of shock or is visibly upset when her statement is taken, and there is no evidence of fabrication. *See Strauss*, 119 Wn.2d at 416; *see also State v. Briscoeray*, 95 Wn. App. 167, 174, 974 P.2d 912 (holding that there was substantial evidence to prove the victim had insufficient time to fabricate parts of her story, thus, admitting statement as an excited utterance), *review denied*, 139 Wn.2d 1011 (1999).

5

Here, the trial court found that the evidence showed Begallia was upset and distraught throughout her conversation with Officer Latimer, and there was no evidence to show Begallia fabricated her story. Thus, the trial court did not abuse its discretion in finding that Begallia made her statement to Officer Latimer while still under the excitement of the startling event.

Patton argues that Begallia's excited state was the result of her methamphetamine use rather than the strangling and should not have been admitted under the excited utterance exception. We disagree.

A declarant's intoxication does not make the statement inadmissible. *State v. Greene*, 15 Wn. App. 86, 89, 546 P.2d 1234, *review denied*, 87 Wn.2d 1004 (1976). Rather, the evidence must "demonstrate the accusation was a product of the drug as opposed to the incident." *Greene*, 15 Wn. App. at 89. In *Greene*, the appellant argued that the declarant's drug use voided the declarant's statement as an excited utterance. *Greene*, 15 Wn. App. at 88-89. The court in *Greene* ruled that the appellant did not provide evidence that "demonstrate[d] the accusation was a product of the drug as opposed to the incident." *Greene*, 15 Wn. App. at 89. Similarly, Patton failed to produce any evidence that the accusation was a result of Begallia's methamphetamine use as opposed to the incident of strangling. Because the declarant's intoxication does not affect admissibility and Patton provided no evidence to demonstrate the accusation was a result of Begallia's drug use, Patton's argument fails.

4. Statement related to the startling event or condition.

The third element requires a finding that the statement relates to the startling event or condition. *Young*, 160 Wn.2d at 806. Here, Begallia's statements relate to the startling event because she described the events leading up to Patton strangling her, Patton strangling her, and her

6

reaction to being strangled. Thus, the trial court did not abuse its discretion in finding that Begallia's statements were related to the startling event.

The trial court did not abuse its discretion in admitting Begallia's statements to Officer Latimer under the excited utterance exception to hearsay. The trial court may use circumstantial evidence to establish the elements of the excited utterance exception. In this case, after considering the circumstantial evidence provided, along with Officer Latimer's testimony, the trial court determined that Begallia's statements were admissible as an excited utterance because it found a startling event had occurred, Begallia was still under the stress of that event, and her statement related to that event. Because the facts and evidence presented to the court support the trial court's ruling, the trial court did not abuse its discretion.

We affirm Patton's convictions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Bjorgen, A.C.J.

_____
Maxa, J.